DANIEL L. DYSART, Judge.
| ¶ Keith Kisack was charged by bill of information with possession of contraband while in a penal institution, a violation of La. R.S. 14:402 E(7). Following a jury trial, he was found guilty as charged. The State filed a multiple bill of information, alleging Kisack to be a fourth felony offender. Kisack moved for a new trial and to quash the multiple bill of information, both of which were denied by the trial court. The trial court adjudicated Kisack to be a fourth felony offender, and sentenced him to life imprisonment'without benefit of parole, probation or suspension of sentence. Kisack now appeals both pro se and through appellate counsel.
For the reasons that follow, we affirm the conviction and sentence, as amended.
BACKGROUND:
On December 27, 2011, an employee of the Orleans Parish Sheriffs Office, while conducting a search of Tier C2, discovered a cell phone in a crevice of -the wall of the day' room. Michael Martin, the officer who discovered the phone, |2testified that he pulled a black sock out of the crevice *809 and discovered a cell phone and charger concealed inside. Martin turned over the phone and charger to his ranking officer.
It was established through, testimony that Kisack was housed on Tier C2t, and had access to the day room. Corporal Walters testified that he was trained in unlocking cell phones and retrieving the information on the phone. He identified text messages and- photographs; some of which were “selfies,” found on the phone. Some of the text messages indicated that Keith or K.K. was the sender.
Deputy Ernest Newman, a member of the Sheriffs Special Operations Division, conducted an investigation to determine the cell phone’s owner. He testified that the pictures indicated that they were taken in both the House of Detention and in Orleans Parish Prison. Some of the photographs show Kisack in the day room of Tier C2. Deputy Newman testified that Keith Kisack was the only “Keith” on Tier C2 at that time, and that he used the nickname of K.K.
Jason Williams, who was Kisack’s attorney at the time the phone was found, was called to testify as there were texts to and from him on the phone. Williams denied knowing that the texts were being sent from a phone inside the prison, although he admitted that he knew his client was in prison at the time he received and responded to the text messages. While still representing Kisack, he learned that the phone had been found and that Kisack had been charged with possession of contraband.
J^DISCUSSION:

Error Patent and Counsel’s Assignment of Error No. 2:

Our review of the record reveals that the trial court sentenced Kisack. on. the same date that it denied his motion-for new trial. Kisack argues that because he did not waive the delay for sentencing, his sentence should be vacated and the matter remanded for resentencing.
Kisack filed a motion for new trial at the sentencing and multiple bill hearing on October 2, 2014. The trial court denied the motion for new trial, and defense counsel objected. Kisack then sought to quash the multiple bill, which the trial court also denied. The court immediately commenced a hearing on the multiple bill, and adjudicated Kisack to be a fourth felony offender. Argument as to sentencing was heard, and the trial court sentenced Kisack to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
We find that defense counsel’s argument at the sentencing hearing constituted an implicit waiver of the delay. See State v. Canales, 14-0663 (La.App. 4 Cir. 12/10/14), 166 So.3d 1183, writ denied, 15-0048 (La.11/6/15), 180 So.3d 306 (Defense counsel presented character evidence after trial court denied motion for new trial.); State v. Celestain, 13-1262 (La.App. 4 Cir. 7/30/14), 146 So.3d 874 (Trial court denied motions for new trial . and post-verdict judgment of acquittal, then considered cor respondence from defendant’s family concerning leniency. When asked, the defense stated it was ready for sentencing.); State v. Jackson, 04-293 (La.App. 5 Cir. 7/27/04), 880 So.2d 69 (Defendant-implicitly 14waived twenty-four hour delay by proceeding with argument after trial court denied motion foi* néw trial.)'.
Our review of the record reveals that, the trial court did err in prohibiting Kisack’s eligibility for parole. Neither La. R.S. 14:402 or La. R.S. 15:529.1 A(4)(a) preclude his eligibility for parole. Thus, we amend the sentence to delete the prohibition of parole. See State v. Ladd, 13- *810 1663 (La.App. 4 Cir. 7/2/14), 146 So.3d 642.[1] ■

Counsel’s Assignment of Error No. 1:

Kisack argues that the trial court erred in denying his motion to suppress the photographs and text; messages obtained from the cell phone. It is argued that a search warrant was required before downloading the photographs and text messages;
Wé review motions to suppress efe novo. State v. Wells, 08-2262, pp. 4-5 (La.7/6/10), 45 So.3d 577, 580-81. Further, we will not upset a trial court’s decision absent an abuse of discretion. Wells, supra; State v. Cureaux, 12-0335, p. 6 (La.App. 4 Cir. 5/1/13), 116 So.3d 833, 837.
Kisack’s counsel relies on the recent United States Supreme Court decision in Riley v. California, — U.S. -, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), in which the Court held that police officers must generally secure a search warrant before conducting a search of data contained in a defendant’s cell phone. However, we do not find | ¡Riley applicable as it did not involve a defendant who was incarcerated. In this case, Kisack was an inmate in Orleans Parish Prison at the time of the discovery of the cell phone, and was therefore not entitled to the full expectation of privacy afforded by the Fourth Amendment.
In Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393. (1984), the Supreme Court h¡eld that prisoners had limited expectations of privacy. While acknowledging that prisons “are not beyond the. reach of the Constitution,” ... “imprisonment carries with it the circumscription or loss of many significant rights.” Id., 468 U.S. at 523, 524, 104 S.Ct. at 3198-99.
Notwithstanding bur caution in approaching claims that the Fourth Amendment is inapplicable in a given context, we hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might -have in his prison cell and that, accordingly, -the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. ' The recognition of. privacy rights for prisoners in their individual cells simply cannot be reconciled, with the concept of incarceration and the needs and objectives of penal institutions, .
Id., 468 U.S. at 525-26, 104 S.Ct. at 3200; also see State v. Draughter, 13-0914, pp. 14-15 (La.12/10/13), 130 So.3d 855, 866-67; State v. Dauzat, 364 So.2d 1000, 1003 (La.1978).
Here, Kisack had no reasonable expectation of privacy as to a, cell phone hidden in a crevice in the day room wall. As explained in Hudson, supra, if the cell phone had been found on Kisack’s person or in his cell, he would not have had any reasonable expectation of privacy as to the contents of the cell phone; therefore, there is a lower expectation of privacy considering that the phone was |fiabandoned outside of Kisack’s prison cell. There is no expectation of privacy once items are abandoned,'and police officers may seize any such items without search warrants. See State v. Britton, 93-1990 (La.1/27/94), 633 So.2d 1208; State v. Belton, 441 So.2d 1195 (La.1983); State v. Cureaux, supra; *811 State v. Williams, 07-0700 (La.App. 4 Cir. 2/13/08), 977 So.2d 1101.
Thus, the officers did not need to obtain a search Warrant prior to downloading the digital data found on the cell phone. The trial court did not abuse its discretion when it denied the motion to suppress. This assignment is without merit.

Counsel’s Assignment of Error No. 3:

. Kisaek argues that the State failed to prove that the ten-year cleansing period between his most recent predicate offense and the present offense had not, lapsed. He contends that the State did not meet its burden of proving that less than ten years expired between the date of his discharge from a prior federal conviction and sentence in 2001 (felon in possession of a weapon) and the present offense.
■Louisiana Revised Statute 15:529.1 ■ C provides in pertinent part:
The current offense shall not- be counted as, respectively, a second, third, fourth or higher offense-if more than ten years have elapsed between the 'date* of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions. :
This Court discussed the State’s burden of proving the cleansing period has not expired in State v. Robair, 13-0337, pp. 5-6 (La.App. 4 Cir. 1/15/14), 133 So.3d 96, 100-101, writ denied, 14-0322 (La.9/12/14), 147 So.3d 705:
The State has the burden of proving that the predicate convictions fall within the ten year “cleansing period” under La. R.S. 15:529.1(C). State v. Tatten, [20]12-0443, p. 9 (La.App. 4 Cir. 5/1/13), 116 So.3d 843, 849, writ denied, [20]13-1236 (La.12/2/13), 126 So.3d 498 (citing State v. Brown, 598 So.2d 565, 575 (La. App. 4 Cir.1992); and State v. Falgout, 575 So.2d 456, 457 (La.App. 4 Cir.1991)). The “cleansing period” commences from the-date'the defendant is “actually discharged from state custody and supervision.” Tatten, supra (citing . State v. Anderson, 349 So.2d 311, 314 (La.1977); and State v. Thomas, 04-1341, p. 15 (La.App. 5 Cir. 5/31/05), 904 So.2d 890, 906).
The Louisiana Supreme Court has held that “the expiration of a previous sentence is determined by the date of the actual discharge from supervision by the Department of Corrections:” Tat-ten, supra (citing State ex rel. Wilson v. Maggio, 422 So.2d 1121, 1123 (La.1982); and Anderson, supra.). The Supreme Court has further held that “ ‘[discharge from supervision can take place earlier than the theoretical date on which the initial sentence would have terminated, because of a pardon, commutation, or good time credit. Or it can take place later because of parole revocation.’”' Tatten, supra (quoting State ex rel. Wilson v. Maggio, 422 So.2d at 1123).
■ In State v. Turner, 365 So.2d 1352 (La.1978), the Louisiana Supreme Court addressed a defendant’s claim that the evidence presented at his multiple offender hearing failed to establish the date of discharge from his prior conviction and thus was insufficient. Rejecting this claim, the Supreme Court reasoned that “while the record did not affirmatively establish that the time period had or had not elapsed, the showing indicates' that more probably than not, the cleansing period had not elapsed between the crimes.” Turner, 365 So.2d at 1355.
In the present case, the State alleged that Kisaek was a fourth felony offender. The most recent predicate offense was a federal conviction for being a felon in" possession of a weapon. The certified pack *812 from the conviction indicates that the offense occurred on June 12, 2000, that the defendant pled guilty to the charge and was sentenced on February 7, 2001. The federal court imposed a sentence of ninety-six months (eight years), followed by three years of supervised release. The certified pack does not indicate the date Kisack was released from federal prison. The present offense was • committed in October 2011. Accordingly, even if Kisack .was released from federal prison immediately after the sentence-was-imposed, he would have been on supervised release for three years (2001-2004), and' the ten year cleansing period would not have been expired when the present offense was committed in October 2011. Thus, the evidence presented by the State 18was sufficient to prove that the cleansing period had -not elapsed between the crimes.
' This assignment is without merit.

Counsel’s Assignment of Error No. 4:

Defense counsel also argues that the trial court imposed an excessive sentence, life imprisonment without benefit of parole, probation or suspension of sentence.
’ Louisiana Revised Statute 15:529.1 provides in pertinent part:
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
[[Image here]]
4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by impris-pnment for any .term less than his natural life then:[2]
(a) The person shall be sentenced to imprisonment for. the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life;....
A trial judge has broad discretion when imposing a sentence and an appellate court may not set aside a sentence absent a manifest abuse of discretion. State v. Smith, 01-2574, pp, 5-6 (La.1/14/03), 839 So.2d 1, 4. Thus, we must determine whether the trial court adequately complied with the sentencing guidelines set forth in La.Code Crim. Proc. art. 894.1, and whether - the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983). If there is adequate compliance with Article .894.1, we must also determine if the sentence imposed is too-severe in light of the particular defendant,. as well as the particular circumstances of the case, “keeping-in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.” State v. Landry, 03-1671, p. 8 (La.App, 4 Cir. 3/31/04), 871 So.2d 1235, 1239.
Here, Kisack was adjudicated a fourth felony offender. The predicate offenses included a. conviction in 1992 for illegal discharge of a weapon, a conviction in 1995 for aggravated battery and a conviction in 2001 for being a felon in possession of a weapon. In sentencing Kisack, the trial court also took note of his other arrests *813 and convictions, which included arrests for simple battery and aggravated, assault tin 1991. In 1992, Kisack was arrested for. simple kidnapping, two counts of armed robbery, attempted first degree murder, attempted armed robbery, second degree battery, flight from an officer, illegal use of a weapon and first degree murder. In 1993, he was arrested for resisting an officer, illegal use of a weapon, aggravated assault, two counts of possession of stolen property, possession of an unregistered firearm, possession of a firearm with an obliterated serial number, possession of concealed weapon, and armed , robbery. Additional arrests include aggravated battery in 1994, and being a .felon in possession of a firearm in 1995. In 1996, Kisack was arrested for illegal possession of stolen things, aggravated battery, aggravated assault and two counts of being a felon in possession of a weapon. Arrests in 1997 include being a felon in possession of a weapon, simple battery, two counts of simple robbery, illegal possession of stolen things, simple kidnapping and conspiracy to commit simple robbery. In 1998, Ki-sack was arrested for first degree murder, and in 1999 was | ^convicted of simple kidnapping. In 2000, arrests included conspiracy to commit armed robbery, battery, and reckless operation of a motor vehicle.
In 2008, Kisack was convicted of aggravated assault causing bodily injury in Tennessee. In 2009, he had a fugitive from justice attachment from Georgia, and he was arrested in Louisiana for second degree murder. The 2009 charge for second degree murder was pending when the cell phone was found, and Kisack wás charged with the subject charge. The trial court concluded that in light of Kisack’s extensive conviction and arrest record, as well as the fact that he had been a fugitive, the appropriate sentence was. life imprisonment at hard labor.
On the surface, life imprisonment for possession of a cell, phone is seemingly “too severe” in light of the particular -circumstances of the case; however, when considering Kisack’s long criminal history, and that he was incarcerated at the time of this offense awaiting trial for. second degree murder, we cannot conclude that the trial court was manifestly erroneous in handing down a life sentence for this fourth felony conviction. In fact, we could conclude the possession of a cell phone in prison poses a ■ clear opportunity for a threat to prison security.
This assignment is without merit.

Pro Se Assignment of Error No, 1:

Kisack, pro se, argues that the trial court erred in denying his motion to quash the multiple bill of information. He suggests that the State improperly used the^ 2000 federal conviction for being a felon in possession of a weapon as a predicate offense.
Louisiána ' Revised Statute 15:529.1(A) generally provides that the state may enhance the defendant’s sentence on the basis of convictions from another state or under federal law only for offenses which “if committed in this state would be a Infelony.” The statute requires Louisiana courts to determine the analogous crime according to the nature of the act involved, not the penalty provided for the offense in the foreign jurisdiction. State v. Carouthers, 618 So.2d 880, 882 (La.1993); State v. Berndt, 416 So.2d 56 (La.1982).
Here, the defendant’s federal conviction was for being a. felon in possession of a firearm pursuant to 18 U.S.C. § 922. „ The statute provides in pertinent part that “[i]t shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in *814 or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.” 18 U.S.C •§ 922(g)(1). The penalty for violating this statute includes a fine and/or imprisonment at-not more than ten years. 18 U.S.C § 924.
At the time of the defendant’s federal conviction in 2001, Louisiana’s similar statute concerning the possession of firearms by convicted felons, La. R.S. 14:95.1, provided in pertinent part: .
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is. a felony ... to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
Thus, as La. R.S. 14:95.1 incorporates the samé elements of the federal offense and provides for imprisonment at hard labor, it falls within the definition of á felony under La. R.S. 14:2. In the federal conviction, Kisack was determined to be a felon due to his prior conviction in 1999 for simple kidnapping. Under La. | iaR.S. 14:2(B), simple kidnapping is a crime qf violence. Thus, the federal conviction was appropriately used to enhance the defendant’s sentence under the multiple offender statute. The trial court did not err when it denied the defendant’s motion to quash.
We find this assignment to be without merit.

Pro Se Assignment of Error No. 2:

Kisack also argues, that the trial court- abused its discretion in allowing use as predicate offenses his 1992 conviction for illegal discharge of a weapon and 1995 conviction for aggravated -battery. The defendant contends that at the time of these prior convictions, they could not be used to enhance a sentence under the multiple offender statute.
We find no merit to this assignment of error. In State v. Parker, 03-0924, p. 9 (La.4/14/04), 871 So.2d 317, 322, the Court held that the defendant’s status as a habitual offender is to be determined as of the date he commits the charged crime. See also State v. LeBlanc, 14-0163 (La.1/9/15), 156 So.3d 1168. Thus, the determination of whether the predicate offenses could be used to enhance his present conviction is determined by the statute in existence at the time of the present offense, i.e. October 2011. Under the version of La. R.S. 15:529.1 in effect at that time, Kisack’s prior offenses of illegal use of a weapon and aggravated battery could be used to enhance his sentence as a multiple offender.

Pro Se Assignment of Error No. 3:

In his last pro se assignment of error, Kisack suggests that the appellate record is incomplete in that it does not include his pro se motion to reconsider sentence, which prevents a complete review of his conviction and sentence.
|1sIn Louisiana, as in the federal courts, an appeal from a felony conviction is an absolute right. La. Const. art. VII, s 10 (1921); La. Const. art. V, s 5(D)(2) (1974); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).
Although Kisack’s pro se motion to reconsider sentence was not located in a review of the appellate record, the record does reveal that defense counsel filed .a *815 motion to reconsider on October 9, 2014 The trial court denied the motion on July-31, 2015. Therefore, the lack of the pro se motion to reconsider sentence does not affect this Court’s, ability to review the merits of the defendant’s appeal.
CONCLUSION:
Accordingly, we affirm Keith Kis'ack’s conviction. His sentence is hereby amended to delete the parole ineligibility,'and the sentence is affirmed, as amended.
CONVICTION AFFIRMED; SENTENCE AFFIRMED, AS AMENDED

. An additional error patent is noted in that the trial court failed to impose a fine as re-'quíred'by La. R.S. 14:402, which provides that Kisack should have been fined "not less than two hundred fifty dollars and not more than two thousand dollars.” However, as Kisack was subsequently sentenced as a multiple offender, it was proper for the trial court not to impose the fine.

. Kisack’s fourth felony is the subject offense, which provides for imprisonment for not more than five years. La. R.S. 14:402 G.