BROWN, C.J.,
dissents.
hi disagree that the state failed to prove defendant’s date of discharge and thus showed that the cleansing period had not expired.
See State v. Turner, 365 So.2d 1352, 1355 (La. 1978), in which the Supreme Court held:
Another alleged error was not raised by objection in the trial court at the time of the habitual offender hearing, although it is urged in brief here. Mallett contends that the evidence does not show the date of Mallett’s discharge from prison following his first conviction from which the five-year “cleansing” period began. La. R.S. 15:529.1(C). See State v. Anderson, 349 So.2d 311 (La. 1977). While the record does not affirmatively establish that the five years had or had not elapsed, the showing indicates that more probably than not it had not elapsed between the crimes. If, in fact, Mallett is able to show that the five years had elapsed, then he can secure appropriate relief upon post-conviction proceedings.
See also State v. Kisack, 15-0083 (La. App. 4 Cir. 03/30/16), 190 So.3d 806, 811-812, in which the Fourth Circuit held:
The federal court imposed a sentence of ninety-six months (eight years), followed by three years of supervised release. The certified pack does not indicate the date Kisack was released from federal prison. The present offense was committed in October 2011. Accordingly, even if Kisack was released from federal prison immediately after the sentence was imposed, he would have been on supervised release for three years (2001-2004), and the ten-year cleansing period would not have been expired when the present offense was committed in October 2011. Thus, the evidence presented by the State was sufficient to prove that the cleansing period had not elapsed between the crimes.
We should affirm this case in all respects.