# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of October, 2017**, are as follows:

**PER CURIAM**:

2016-K -0797    STATE OF LOUISIANA v. KEITH C. KISACK (Parish of Orleans)

Accordingly, we reverse the court of appeal in part to vacate the habitual offender adjudication that immediately followed the failure to observe the statutory sentencing delay and remand this matter to the district court for further proceedings consistent with the views expressed here.
REVERSED IN PART AND REMANDED

## SUPREME COURT OF LOUISIANA

## No. 16-K-0797

## STATE OF LOUISIANA

## VERSUS

## KEITH C. KISACK

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL FOURTH CIRCUIT, PARISH OF ORLEANS

**PER CURIAM**

This case presents the questions of whether defense counsel waived the sentencing delay required by La.C.Cr.P. art. 873, and whether the State proved that less than ten years elapsed between defendant's most recent predicate offense and the present offense as required by La.R.S. 15:529.1(C). Finding that the State carried its burden of proof here, we nonetheless emphasize La.R.S. 15:529.1(C) imposes a requirement on the State to prove beyond a reasonable doubt that the 10-year period has not elapsed in a habitual offender adjudication in the district court. In addition, we direct the Fourth Circuit to join the other courts of appeal in recognizing that the State's failure to carry that burden is an error patent on appeal. However, we also find that the court of appeal disregarded the plain language of Article 873, which requires an explicit waiver of the statutory sentencing delay, by surmising defense counsel "implicitly waived" the delay by participating in the sentencing hearing. Therefore, we vacate the habitual offender adjudication and remand for further proceedings.

The facts of this case are straightforward. An employee of the Orleans Parish Sheriff's Office, while conducting a search of Tier C2 of Orleans Parish Prison, discovered a cell phone secreted in a crevice of the wall of the day room. An investigation, including a warrantless search of the phone's contents, revealed that defendant used the phone to send text messages and take "selfies" while housed on that tier.

Defendant was charged by bill of information with possession of contraband while in a penal institution, La.R.S. 14:402(E)(7). An Orleans Parish jury found defendant guilty as charged. The State filed a habitual offender bill of information, alleging defendant to be a fourth-felony offender. Defendant moved for a new trial and to quash the habitual offender bill, which the trial court denied before commencing the hearing on the habitual offender bill of information. The trial court found defendant to be a fourth-felony offender and sentenced him to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

The Fourth Circuit affirmed defendant's conviction and affirmed the sentence as amended.[1] *State v. Kisack*, 15-0083 (La. App. 4 Cir. 3/30/16), 190 So.3d 806. The panel noted that defendant was sentenced on the same date that his motion for new trial was denied. The panel found, however, that the 24-hour statutory sentencing delay was implicitly waived when defense counsel participated in the sentencing hearing. *See Kisack*, 15-0083, p. 3, 190 So.3d at 809 ("[D]efense counsel's argument at the sentencing hearing constituted an implicit waiver of the delay.").

The panel rejected two additional assignments of error pertinent to the

_____

[1] The court of appeal found as an error patent that the trial court erred in denying parole eligibility. Therefore, the court of appeal amended the sentence to delete the prohibition of parole.

present application. First, the panel found that no warrant was required to search the contents of the cell phone. The panel distinguished *Riley v. California*, 573 U.S. —, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), in which the Supreme Court unanimously held that the warrantless search and seizure of digital contents of a cell phone during an arrest is unconstitutional, on the basis that defendant was incarcerated and therefore had a reduced expectation of privacy. *See Kisack*, 15-0083, p. 5, 190 So.3d at 810 ("[Defendant] had no reasonable expectation of privacy as to a cell phone hidden in a crevice in the day room wall."). Second, the panel found that 10 years had not elapsed between defendant's most recent predicate offense (i.e., a federal conviction for being a felon in possession of a firearm) and the present offense. While acknowledging that it is the State's burden at a habitual offender adjudication to prove the predicate offenses qualify in accordance with La.R.S. 15:529.1(C), and further recognizing that the State did not establish in the district court when defendant was released from federal prison or supervision,[2] the court of appeal inferred from the limited information available

---

[2] The applicable version of La.R.S. 15:592.1(C) provided:

> The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.

In *State v. Anderson*, 349 So.2d 311, 313–314 (La. 1977), this court interpreted "expiration of the maximum sentence" as including the date a prisoner is actually discharged from custody. This provision has been amended to specify that the pertinent interval now extends between "the commission of the current offense or offenses and the expiration of the correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for the previous conviction or convictions, or between the expiration of the correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses." La.R.S. 15:529.1(C)(1) (as amended by 2017 La. Acts 257 and 2017 La. Acts 282, eff. Nov. 1, 2017).

that the 10-year period could not have expired when defendant committed the present offense. *See Kisack*, 15-0083, p. 7, 190 So.3d at 811–12 ("Accordingly, even if [defendant] was released from federal prison immediately after the sentence was imposed, he would have been on supervised release for three years . . . , and the ten year cleansing period would not have been expired when the present offense was committed . . . .").

Although defendant argues *Riley v. California*, which involved the warrantless search of a cell phone seized during an arrest that flowed from a traffic stop, applies here such that the trial court should have suppressed the results of the warrantless search of the contraband cell phone, it is generally recognized that prisoners have a reduced expectation of privacy. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 525–26, 104 S.Ct. 3194, 3199–3200, 82 L.Ed.2d 393 (1984) ("[S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."); *see also State v. Williams*, 490 So.2d 255, 260 (La. 1986) (reaffirming *State v. Patrick*, 381 So.2d 501 (La. 1980), which rejected the notion that a "work-release inmate, while out of prison during the day, has a reasonable expectation of privacy that would require probable cause before deputies can conduct a pat down search of the inmate"). The federal courts have also declined to extend *Riley v. California* to prisoners. *See, e.g., United States v. Boyce*, Criminal Action No. 2014-00029 (D.V.I. 2015), 2015 WL 856943 *6 n.16 ("Accordingly, the Court will not expand the scope of *Riley v. California* to warrantless searches of cell phones confiscated as prison contraband."). Defendant here offers no convincing reason why this court should do so.

The Fourth Circuit also scrutinized the record in an effort to ascertain

4

whether too much time had elapsed between the commission of the present offense and the expiration of correctional supervision for the previous conviction. We note that the Fourth Circuit is an outlier with regard to the State's obligation to prove in the district court that too much time has not elapsed, in accordance with La.R.S. 15:529.1(C), before a defendant can be adjudicated as a habitual offender. Because the Fourth Circuit does not view the State's failure to carry its burden of proof as an error patent, the question of whether too much time elapsed is often not addressed unless assigned as error on appeal when the record may be inadequate to answer it.

In contrast with the Fourth Circuit, the First, Second, and Fifth Circuits review the State's proof with regard to the requirements of La.R.S. 15:529.1(C) as an error patent on the face of the record.[3] *See, e.g., State v. Robinson*, 47,427, p. 7 (La. App. 2 Cir. 10/3/12), 105 So.3d 751, 755 (State's failure to prove that the cleansing period has not expired is error patent on the face of the record); *State v. Abdul*, 11-0863, pp. 28–29 (La. App. 5 Cir. 4/24/12), 94 So.3d 801, 820–21 (since the sufficiency of the proof of the cleansing period bears on defendant's due process rights, courts can review the issue on appeal as an error patent); *State v. Baker*, 452 So.2d 737, 745–46 (La. App. 1 Cir. 1984) (reviewing defendant's claim that second felony offender sentence was improper without demonstrating the cleansing period; "Since this allegation, if proved, would be error patent on the face of the record under La.C.Cr.P. art. 920, we find it necessary to review this additional allegation.").

We find the approach of the First, Second, and Fifth Circuits more sound. In

---

[3] While not viewing the State's failure to prove that the cleansing period has not expired as an error patent, the Third Circuit has nonetheless found that the State's failure to carry its burden may be considered on appeal in the interests of justice despite the lack of any contemporaneous objection. *See State v. McKithern*, 11-1402, pp. 8–10 (La. App. 3 Cir. 5/2/12), 93 So.3d 684, 692–93.

5

the Fourth Circuit, prosecutors have less incentive to devote finite resources to proving that the time has not elapsed under La.R.S. 15:529.1(C), and defendants assert less often as a defense that time has run out under La.R.S. 15:529.1(C) until on appeal, when there is no longer an opportunity for the State to present evidence. To remedy this unfortunate situation, we adopt the views of the First, Second, and Fifth Circuits and require the State to prove as an element of the habitual offender adjudication that the time afforded by La.R.S. 15:529.1(C) has not elapsed, and we further find that the absence of such proof in the district court must be recognized as an error patent on appeal.

However, we also find that the State carried its burden of proof in the district court here. Defendant was convicted of possessing contraband in a penal institution between October 11, 2011 and December 26, 2011. The State established at the habitual offender adjudication that defendant pleaded guilty on February 7, 2001, in federal court to the charge of felon in possession of a firearm and was sentenced to 96 months imprisonment in a federal facility plus three years of supervised release. The potential that defendant could have received an early release before October 11, 2001, and also been relieved of his probation obligation by receiving an executive pardon does not suffice to establish a reasonable doubt.

In addition, the Fourth Circuit found that the district court did not observe the sentencing delay required by La.C.Cr.P. art. 873 before sentencing defendant to the maximum term of life imprisonment as a fourth-felony offender for possession of a contraband cell phone while in a penal institution. *See* La.R.S. 14:402(E)(7); La.R.S. 15:529.1(A)(4)(a). Sentencing occurred almost immediately after the denial of defendant's motion for new trial. Article 873 provides (emphasis added):

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least

6

twenty-four hours after the motion is overruled. *If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.*

The court of appeal, however, found that "defense counsel's argument at the sentencing hearing constituted an implicit waiver of the delay." *Kisack*, 15-0083, p. 3, 190 So.3d at 809.

While some circuits courts, predominantly the Fourth Circuit, have found that the statutory delay may be "implicitly waived" when a defendant announces he is ready for sentencing, *see, e.g., State v. Foster*, 02-0910, p. 2 (La. App. 4 Cir. 12/11/02), 834 So.2d 1188 ("A defendant may implicitly waive the twenty-four hour delay by announcing his readiness for sentencing."), the waivers under the circumstances presented in those decisions are typically not so much implicit as expressly made (by announcing that defendant is ready to be sentenced) without being as fully articulated as they should perhaps have been. *See, e.g., State v. Celestain*, 13-1262, pp. 11–13 (La. App. 4 Cir. 7/30/14), 146 So.3d 874, 881–82 (finding no error "because Ms. Banks implicitly waived the twenty-four hour delay in her acknowledgment that she was ready for sentencing."). Here, however, it appears that defense counsel simply participated in the sentencing hearing, which would truly be an implicit waiver if such a waiver were authorized by the Criminal Code. An implicit waiver, however, runs afoul of the plain language of Art. 873 that requires that the waiver be expressly made.

Nonetheless, an error in failing to observe the statutory sentencing delay may still be found harmless. Under the circumstances presented here, in which a defendant who faced a sentencing range of 20 years to life and received the maximum sentence authorized for a fourth-felony offender for possession of a

7

contraband cell phone, it is difficult to conclude the error is harmless.[4]

Accordingly, we reverse the court of appeal in part to vacate the habitual offender adjudication that immediately followed the failure to observe the statutory sentencing delay and remand this matter to the district court for further proceedings consistent with the views expressed here.

**REVERSED IN PART AND REMANDED**

---

[4] We need not consider defendant's claim that the sentence is excessive given that we vacate the habitual offender adjudication and remand for further proceedings.