NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 21-42 consolidated with 21-43

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL TRENZELL HARRIS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 94465 and No. 94770-B
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

**SENTENCES VACATED; REMANDED FOR RESENTENCING.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 302-0960**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Michael Trenzell Harris**

**Terry W. Lambright**
**District Attorney, Thirtieth Judicial District**
**William R. Thornton**
**Assistant District Attorney**
**P.O. Box 1188**
**Leesville, Louisiana  71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**CONERY, Judge.**

The State alleged that Defendant accosted the victim in a hospital parking lot in Vernon Parish and ultimately charged Defendant with attempted carjacking and simple burglary. Following a trial at which the victim testified, a jury unanimously convicted Defendant of both offenses. The trial court subsequently denied Defendant's motions for new trial and post-verdict judgment of acquittal and immediately thereafter found Defendant to be a second felony offender, imposing concurrent sentences of five years at hard labor for attempted carjacking, without benefit of probation, parole, or suspension of sentence, and six years at hard labor, also without benefits, for the simple burglary conviction. Defendant appeals, questioning the sentences imposed. For the following reasons, we vacate Defendant's sentences and remand for resentencing.

## FACTS AND PROCEDURAL HISTORY

On or about June 9, 2019, Mrs. Miranda Welch went to Byrd Hospital in Vernon Parish, Louisiana, to seek treatment around midnight. Mrs. Welch proceeded to park in a well-lit area toward the front corner of the hospital. As she pulled into the parking spot and parked her car, the door to her car flew open, and a man jumped into her vehicle. The man grabbed her by the arm, and a struggle ensued, damaging her center console. Mrs. Welch testified at trial that, "after the struggle had taken place I was screaming. He let go, he grabbed me again and he was screaming, he was, like, what's up, fool, and some people come running from the hospital." Once Mrs. Welch got her door open, the man jumped out of her car on the other side. A security guard came running from the hospital and detained the man until the police arrived. The man was later identified as Defendant Michael Trenzell Harris.

Defendant was arrested for attempted carjacking, simple criminal damage to property, simple battery, and disturbing the peace. Arrest warrants were issued, and Defendant was later arrested for false imprisonment and simple burglary arising out of the same incident.

On August 8, 2019, Defendant was charged by bill of information with the offenses of attempted carjacking, a violation of La.R.S. 14:27 and 14:64.2, and simple burglary, a violation of La.R.S. 14:62. The matters proceeded under the lower court docket numbers 94465 and 94770-B, respectively. On August 28, 2019, Defendant pled not guilty to the offenses. Trial began on February 10, 2020. On February 12, 2020, the jury unanimously voted to convict Defendant on both counts.

On March 6, 2020, Defendant filed a "Motion for New Trial & Post-Verdict Judgment of Acquittal" in the trial court. The trial court denied Defendant's motion on June 3, 2020. On the same date, a sentencing hearing was held. The trial court found Defendant to be a second felony offender and sentenced him to five years at hard labor for attempted carjacking, without benefit of probation, parole, or suspension of sentence. For Defendant's simple burglary conviction, he was sentenced to six years at hard labor, also without benefit of probation, parole, or suspension of sentence, to run concurrently with his sentence for attempted carjacking.

On June 11, 2020, Defendant filed a "Motion For An Appeal; To Appoint Appellate Louisiana Project; And Designation Of Record" with the trial court. On June 16, 2020, the trial court issued an order, granting Defendant's appeal and appointing the Louisiana Appellate Project to represent Defendant. We consider Defendant's consolidated appeals herein.

# ASSIGNMENTS OF ERROR

Defendant now asserts two assignments of error relating to his sentences. He first contends that the trial court erred in failing to consider any applicable mitigating factors in arriving at the appropriate sentence, in violation of La.Code Crim.P. art. 894.1. He also argues that the trial court's imposition of a five-year sentence without benefit of probation, parole, or suspension of sentence, to run concurrently to his other six-year sentence, is constitutionally excessive.

Due to the discussion below involving the error patent identified by this court, we pretermit ruling on Defendant's assignments of error, vacate Defendant's sentences and remand for resentencing on both convictions.

# LAW AND DISCUSSION

*Error Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent which will require that Defendant's sentences be vacated and the case remanded for further proceedings consistent with this opinion.

Louisiana Code of Criminal Procedure Article 873 requires a minimum twenty-four hour delay between the denial of a motion for new trial or motion in arrest of judgment and sentencing, unless there is an express waiver of the delay. Defendant's Motion for New Trial and Post-Verdict Judgment of Acquittal was denied immediately prior to the commencement of sentencing:

> BY THE COURT:
>
> So, we're going to go ahead with sentencing at this point. So, I've denied the motion of acquittal and then the motion for new trial and I believe that's everything and I think we can go ahead and proceed on to sentencing.

3

Louisiana Code of Criminal Procedure Article 873 provides in pertinent part:

> If a motion for a new trial, or in arrest of judgment, is filed, sentence *shall not* be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

(Emphasis added.)

In the case before us, Defendant did not expressly waive the twenty-four hour delay required by Article 873, nor did his counsel raise an objection to the sentencing proceeding pursuant to Article 873. Defendant did not plead guilty, but was found guilty of the two charges by a unanimous jury.

In this appeal, Defendant, only challenges the sentences imposed in his two assignments of error claiming that; the trial court failed to "consider any applicable mitigating factors in arriving at the appropriate sentences, … in violation of La.Code Crim P. art. 894;" and that "the trial court's imposition of a five year sentence without benefits, … to run concurrent with his other six year sentence, is constitutionally excessive." The transcript shows that neither the Defendant nor his attorney waived the sentencing delay.

The history and the present interpretation of Article 873 in this circuit is thoroughly discussed in *State v. Charles*, 18-222 (La.App. 3 Cir. 5/1/19), 270 So.3d 859, which addressed an Article 873 violation. Considering the issue within its error patent review, the panel in *Charles* pretermitted any discussion of two other errors patent found "because we find that another error patent on the record requires that Defendant's sentences be vacated and the case remanded for further proceedings consistent with this opinion." *Id.* at 863.

The *Charles* panel indicated that there was no express waiver in the record of the defendant's right to delay the sentencing nor did it reflect an objection by counsel

4

when the trial court immediately began the sentencing proceedings. The panel further stated on the issue:

> [T]his court, relying on *State v. Augustine*, 555 So.2d 1331 (La.1990), recognized the failure to follow the mandatory delays for sentencing provided in La.Code Crim. P. art. 873 as an *error patent*. We held there that when a defendant challenges the sentence imposed "*Augustine* mandates a remand." *Id.* at 699. In *State v. Kisack*, 16-797 (La. 10/18/17), 236 So.3d 1201, *cert. denied*, —— U.S. ——, 138 S.Ct. 1175, 200 L.Ed.2d 322 (2018), the state supreme court reversed the appellate court's finding an implicit waiver and expressly held that "[a]n implicit waiver ... runs afoul of the plain language of [La.C.Cr.P. a]rt. 873 that requires that the waiver be expressly made." *Id.* at 1205.

*Id*. at 863-64.

The same result was reached in the subsequent case of *State v. Cochran*, 19-226 (La.App. 3 Cir. 12/18/19), 286 So.3d 1191. *See also State v. Holden*, 19-867 (La.App. 3 Cir. 7/15/20), 304 So.3d 520, *writ denied*, 20-1016 (La. 2/9/21), 310 So.3d 174. In *Cochran*, where the defendant was found guilty by a unanimous jury of the responsive verdict of aggravated rape, the trial court denied the defendant's Motion for Post-Verdict Judgement of Acquittal and Alternatively a Motion For New Trial on December 11, 2018. The trial court immediately sentenced the defendant to twenty-five years at hard labor without benefits.

The defendant in *Cochran* did not expressly waive the required sentencing delay of twenty-four hours pursuant to Article 873. As here, the defendant also challenged his sentence on appeal. Citing *Kisack* and *Charles*, the panel found the trial court "committed reversable error by proceeding with sentencing the defendant immediately after denying his motion for post-verdict judgment of acquittal/motion for new trial." *Id.* at 1204. Accordingly, the panel vacated the defendant's sentence and remanded the case to the trial court for resentencing. *Id*.

5

**DECREE**

We find that pursuant to Louisiana Code of Criminal Procedure Article 873 and the cited jurisprudence, the same result is required in Defendant's case. Accordingly, we vacate the sentences imposed and remand for resentencing by the trial court in accordance with this opinion.

**SENTENCES VACATED; REMANDED FOR RESENTENCING.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.