# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-452


**STATE OF LOUISIANA**

**VERSUS**

**DONALD JAMES GRIFFIN**


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 164001
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**SENTENCE AFFIRMED.**

**Chad M. Ikerd**
**Ikerd Law Firm, LLC**
**Louisiana Appellate Project**
**P.O. Box 2125**
**Lafayette, LA 70502**
**(337) 366-8994**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Donald James Griffin**

**Kenneth P. Hebert**
**Assistant District Attorney**
**Fifteenth Judicial District**
**P.O. Box 3306**
**Lafayette, LA 70501**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**GREMILLION, Judge.**

Defendant, Donald James Griffin, appeals his life sentence for his conviction of First Degree Rape, a violation of La.R.S. 14:42. For the reasons that follow, we affirm.

## FACTS

On January 24, 2019, Defendant was convicted by a unanimous jury of first degree rape. He impregnated In.A.,[1] his girlfriend's ten-year-old daughter.

On January 31, 2019, the trial court sentenced Defendant to life imprisonment without benefit of probation, parole, or suspension of sentence. On this same day, counsel for Defendant filed a motion for new trial, which was denied by the trial court. The court minutes also reflect that a post-verdict judgment of acquittal was moved for orally, which was also denied.

Several months after sentencing, Defendant wrote a letter to the clerk of court inquiring into the status of his appeal. The record does not reflect that trial counsel filed a motion for appeal. Thereafter, in October 2019, Defendant filed a motion to extend the deadline to file for an appeal, but that motion was denied by the trial court. Defendant filed a second motion for extension of time to file an appeal and requested free copies of his transcripts, but the trial court denied this motion as repetitive and without merit, since the trial court had previously ruled that he was not entitled to either.

On November 18, 2020, Defendant filed a pro se application for post-conviction relief along with a memorandum in support with the trial court. In his application, Defendant asserted that he was denied the right to a direct appeal, and

---

[1] The victim's initials are being used in accordance with La.R.S. 46:1844(W).

Defendant requested that the trial court grant him an out-of-time appeal and proceed with appointed counsel.

On December 2, 2020, the trial court ordered the district attorney to file an answer in response to Defendant's application for post-conviction relief. The trial court also appointed counsel for Defendant for an evidentiary hearing on the application for post-conviction relief. On April 1, 2021, the trial court held an evidentiary hearing and denied Defendant's application for post-conviction relief but granted Defendant the right to an appeal.

On May 14, 2021, counsel for Defendant filed a motion for out-of-time appeal with the trial court. On the same day, counsel filed a motion for appeal and designation of record. The trial court issued an order designating that an appeal be granted on Defendant's behalf. A notice of appeal was then filed appointing the Louisiana Appellate Project.

Defendant is now before this court seeking review of the trial court's rulings and asserts two assignments of error: first, "the trial court failed to properly consider whether a life sentence was appropriate in this case because the court assumed that 'there is only one sentence' the trial court could impose and the court did not have any discretion regarding sentencing," and second, "trial counsel was ineffective for failing to object to the sentence or for not filing a motion to reconsider [Defendant's] life sentence. The case should be remanded for an evidentiary hearing."

## ANALYSIS

Louisiana Code of Criminal Procedure Article 920 mandates that we review all criminal records for errors "discoverable by a mere inspection of the pleadings and proceedings." We find one such error.

The trial court sentenced Defendant immediately after it denied Defendant's motion for new trial and oral motion for post-verdict judgment of acquittal. After it

denied the motions, the trial court asked defense counsel if he had anything to present for the sentencing hearing. When defense counsel replied, "No, Your Honor[,]" the trial court proceeded with the sentencing hearing, noting that Defendant had been unanimously convicted the week before of first degree rape. Because the sentence was mandatory, the trial court did not order a presentence investigation. The trial court stated the following:

> First degree rape is punishable by either - - Let me say that again. First degree rape when the victim is under 13 is punishable two ways, one, by the death penalty, and the other option is life in prison without probation, parole, or suspension of sentence.
>
> In this case the State elected not to seek the death penalty against you, so that leaves one sentence that is available for me to give you and that is life in prison without the possibility of probation, parole, or suspension.
>
> I think it does need to be said - - Even though I don't think reasons are necessary for me to impose this sentence, I think it needs to be said that you were convicted on overwhelming evidence of impregnating a girl that was 10 years old, and she had that baby at 11. And that child was traumatized beyond anything that I've ever seen when she was required to testify in court and be interviewed at Hearts of Hope. You condemned that child to giving birth at age 11.
>
> The sentence that you're receiving today is justly deserved by you for what you did. Therefore, I sentence you to serve a term of life in prison without probation, parole, or suspension of sentence.

Louisiana Code of Criminal Procedure Article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

In *State v. Kisack*, 16-797 (La. 10/18/17), 236 So.3d 1201, *cert. denied*, __ U.S. __, 138 S.Ct. 1175 (2018), the trial court sentenced the defendant to life imprisonment as a fourth habitual offender the same day that it denied his motion for new trial. The fourth circuit found trial counsel's participation and argument at the sentencing

3

hearing implicitly waived the statutory delay. The supreme court, however, held "[a]n implicit waiver . . . runs afoul of the plain language of Art. 873 that requires that the waiver be expressly made." *Id.* at 1205.

Prior to the decision in *Kisack*, errors in failing to observe Article 873's delay were found harmless when "a mandatory life sentence was imposed or when the defendant did not challenge his sentence on appeal and did not claim prejudice due to the lack of the delay." *State v. Holden*, 19-867, p. 8 (La.App. 3 Cir. 7/15/20), 304 So.3d 520, 524, *writ denied*, 20-1016 (La. 2/9/21), 310 So.3d 174. Since *Kisack*, courts have continued to find harmless error where a mandatory life sentence is imposed or when the defendant does not challenge his sentence on appeal and does not claim prejudice due to the lack of the delay. *State v. Chester*, 19-363 (La.App. 5 Cir. 2/3/21), 314 So.3d 914, *writ denied*, 21-350 (La. 6/8/21), 317 So.3d 321; *State v. Samuel*, 19-408 (La.App. 3 Cir. 2/5/20), 291 So.3d 256, *writ denied*, 20-398 (La. 7/24/20), 299 So.3d 77 (the court also found an express waiver); *State v. Stafford*, 20-299 (La.App. 1 Cir. 2/22/21), 321 So.3d 965 (the court also found an implicit waiver); and *State v. Brown*, 20-150 (La.App. 1 Cir. 2/19/21) (unpublished opinion), *writ denied*, 21-458 (La. 6/1/21), 316 So.3d 835.[2]

In the present case, a mandatory life sentence was imposed. Although Defendant does not specifically allege that his sentence is excessive, Defendant challenges whether the trial court erred in finding a lesser sentence could not be imposed pursuant to *State v. Dorthey*, 623 So.2d 1276 (La.1993). Defendant also asserts that his trial counsel was ineffective for failing to object to the sentence imposed and for failing to file a motion to reconsider sentence. Thus, Defendant's

---

[2]This case is cited at 2021 WL 650816.

4

assignment of error is not exactly an excessive sentence claim, but it nonetheless alleges error with the sentence imposed.

There is a plethora of cases in which a mandatory life sentence was imposed, and the defendant still challenged the sentence on appeal. In each of the cases, the court of appeal still found the failure to abide by the Article 873 delay was harmless. *See Chester*, 314 So.3d 914; *State v. Robinson*, 47,437 (La.App. 2 Cir. 11/14/12), 106 So.3d 1028, *writ denied*, 12-2658 (La. 5/17/13), 117 So.3d 918; *State v. Petty*, 12-278 (La.App. 5 Cir. 10/30/12), 103 So.3d 616,; *State v. Ware*, 07-968 (La.App. 3 Cir. 3/5/08), 980 So.2d 730, *writ denied*, 08-847 (La. 10/31/08), 994 So.2d 534; and *State v. Adams*, 04-77 (La.App. 3 Cir. 9/29/04), 884 So.2d 694, *writs denied*, 04-2709, 04-2880 (La. 2/25/05), 894 So.2d 1131, 1132. *See also State v. Jinks*, 18-733 (La.App. 3 Cir. 5/1/19) (unpublished opinion),[3] *writ granted,* 19-818 (La. 6/3/20), 296 So.3d 1018. In *Jinks* this court found no prejudice when Jinks received the mandatory minimum sentence and did not challenge his sentence on appeal even though Jinks assigned the 873 violation as error and claimed the failure to abide by the delay prevented his counsel from filing a motion for downward departure. Considering this jurisprudence, we find that the trial court's failure to abide by the Article 873 delay was harmless since Defendant received a mandatory life sentence and fails to allege any prejudice from the lack of delay.

**ASSIGNMENT OF ERROR NO. 1:**

In Defendant's first assignment of error, he asserts the trial court "failed to consider whether a life sentence was appropriate in this case because the court assumed that 'there is only one sentence' the trial court could impose and that the court did not have any discretion regarding sentencing." Defendant contends that

---

[3]This case is cited at 2019 WL 1929961.

the trial court began the sentencing hearing by stating that it did not have authority to impose any sentence other than the "one sentence that I can give you." The court clearly stated it was not going to "consider" any aggravating or mitigating facts—criminal history, social factors. While the court also said the sentence was "justly deserved," Defendant asserts that the court never evaluated the sentence on constitutional grounds. The court did not order a presentence investigation to consider Defendant's criminal history. The court did not "entertain a statement by Defendant showing contrition or other mitigating evidence either. Instead, the court was under the misimpression that it could only impose a life sentence because the Legislature had statutorily created that punishment."

The State counters that the trial court is given great discretion in imposing sentences. The State further asserts that there was a mandatory sentence in this case, and, as such, there was no need for the trial court to justify a sentence under the sentencing guidelines in La.Code Crim.P. art. 894.1. The State further contends that the life sentence imposed is not grossly disproportionate to the offense Defendant committed.

Defendant faults the trial court for failing to consider another sentence beyond the mandatory life sentence. In *State v. Thomas*, 50,898 (La.App. 2 Cir. 11/16/16), 209 So.3d 234, the second circuit addressed a downward departure claim. "[T]he downward departure from a mandatory minimum sentence may occur in rare circumstances if a defendant rebuts the presumption of constitutionality by showing clear and convincing evidence that he is exceptional, namely, that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender, and the circumstances of the case." *Id.* at 247. "The 'rare circumstances' in which a mandated sentence can be altered are even less likely in the case of a life sentence chosen by the legislature for

6

a single crime, such as aggravated rape or second degree murder.: *Id*. at 247-48. "In such crimes, unlike the mandatory minimum sentence under the habitual offender law, the 'tailoring' of the sentence by the legislature was for life because the culpability of offenders and the gravity of the offense are so great." *Id*. at 248.

Defendant bears the burden of showing he is entitled to a downward departure, but he has failed to present any evidence showing that he is exceptional or that his sentence was not meaningfully tailored to the offense. Therefore, he is not entitled to a downward departure, and it cannot be said that his life sentence for the first degree rape of a victim under the age of thirteen shocks the sense of justice.

As part of his argument, Defendant also asserts that the trial court failed to consider any aggravating or mitigating factors when imposing his mandatory life sentence. There was no need for the trial court to conduct a pre-sentence investigation or to justify a sentence under La.Code Crim.P. art 894.1 by considering aggravating or mitigating circumstances, since the trial court imposed a mandatory life sentence. Articulating such reasons or factors would have been an "exercise in futility since the court has no discretion." *State v. Eley*, 15-1925, p. 16 (La.App. 1 Cir. 9/16/16), 203 So.3d 462, 476, *writ denied*, 16-1844 (La. 9/6/17), 224 So.3d 982. We find no merit to Defendant's first assignment of error.

**ASSIGNMENT OF ERROR NO. 2:**

In Defendant's second assignment of error, he asserts that his trial counsel was ineffective "for failing to object to the sentence or for not filing a motion to reconsider [Defendant's] life sentence." Defendant cites *State v. Harris*, 18-1012 (La. 7/9/20), ___ So.3d ___,[4] for the proposition that his case should be remanded for a full evidentiary hearing on the effectiveness of his trial counsel at sentencing.

---

[4]This case is cited at 2020 WL 3867207.

In its brief, the State asserts Defendant cannot carry his burden that he was prejudiced by trial counsel's failure to object to the sentence or for failing to file a motion to reconsider. The State asserts that the trial court had no discretion in imposing the mandatory life sentence, so no action by defense counsel would have changed Defendant's sentence; therefore, Defendant suffered no prejudice.

Before the supreme court's decisions in *Harris* and *State v. Robinson*, 19-1330 (La. 11/24/20), 304 So.3d 846 (per curiam), an ineffective assistance of counsel claim like Defendant's would have been addressed by determining whether Defendant could show a reasonable probability that his sentence would have been different had counsel filed a motion to reconsider. *See State v. Reed*, 00-1537 (La.App. 3 Cir. 3/6/02), 809 So.2d 1261, *writ denied*, 02-1313 (La. 4/25/03), 842 So.2d 391.

Claims of ineffective assistance are analyzed using the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). First, Defendant must show his counsel's performance was deficient, and second, he must show the deficiency prejudiced him. If Defendant cannot prove that a downward departure from the mandatory life sentence for first degree rape was warranted, he cannot prove prejudice. *State v. Monceaux,* 17-1052 (La.App. 3 Cir. 5/9/18) (unpublished opinion).[5] "To obtain a downward departure from a mandatory life sentence, Defendant must clearly and convincingly show that he is 'exceptional' by proving that the imposed sentence is not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case." *Id* at 6. As said earlier, Defendant has not presented any evidence to show that he is exceptional or that his sentence was not meaningfully tailored to the offense; therefore, Defendant has failed to prove

---

[5]This case is cited at 2018 WL 2138289.

that he deserves a downward departure. Further, the remarks of the trial court regarding the gravity of Defendant's crime, its impact on the victim, and the trial court's opinion that a life sentence was "justly deserved" indicate that even had counsel sought reconsideration, there is no reasonable probability that the same could have been granted. We find no merit to Defendant's second assignment of error.

## DECREE

Defendant's sentence of life imprisonment is affirmed.

**SENTENCE AFFIRMED.**