PER CURIAM.
|,tWrit granted in part,, otherwise denied. We' find the sentence for this particular defendant is constitutionally excessive. See La. Const, art. I, § 20. Thus, we vacate the defendant’s sentence. Imposition of a 30 year term of imprisonment on this non-violent offender who is 72 years of age and suffers from severe infirmities is “grossly out.of proportion to the severity” of the offense, and it amounts to nothing more than the “purposeful imposition of pain and suffering” which renders this sentence on this particular defendant unconstitutional. State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). Indeed, it is unconscionable. We find a departure from the sentence mandated by R.S. 15:529.1 is constitutionally required for this particular defendant- As this Court stated so well in Dorthey,
If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1, makes no “measurable contribution to acceptable goals of punishment” -or that the sentence amounted to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime[,”] he has the option, indeed the duty, to reduce such sentence to one | ¿that would not be constitutionally excessive. ■ •
623 So.2d at 1280-81. Accordingly, we remand this case to the District Court and order it to re-sentence this defendant, reducing the term of her imprisonment to one that would "not be constitutionally excessive and stating for the record its considerations and factual basis'. La.C.Cr. P. art. 894.1.
WEIMER, J., dissents and would deny the writ.
CLARK, J., dissents and assigns reasons.