Crichton, J.,
additionally concurs and assigns reasons.
I agree with this Court’s denial of the state’s writ application. I write separately to express my view that Judge Camille Buras’ decision to invoke the rationale of State v. Dorthey, 623 So.2d 1276 (La.1993), was eminently correct and, at the very least, does not warrant our supervisory jurisdiction.
The Orleans Parish District Attorney takes the position that this defendant, arrested for a smidgen of cocaine, should receive a sentence of no less than 20 years at hard labor, without benefit of probation or suspension of sentence, as a fourth felony offender—even though this defendant’s prior offenses were non-violent in nature. In my view, such a position amounts to a purposeful imposition of pain and suffering and, if imposed, would violate La. Const. art. I, § 20. Instead, the downward departure imposed by Judge Buras of eight years hard labor without benefit of suspension or probation under La. R.S. 15:529.1(G) is an appropriate exercise of her broad discretion under the facts and particular evidence in this case. Dorthey, 623 So.2d at 1280-81. See also, e.g., State v. Mosby, 14-2704 (La. 11/20/15), 180 So.3d 1274 (vacating sentence as “nothing more than the purposeful imposition of pain and suffering”) (quotation omitted). In my view, the fact that a district attorney can ñle a habitual offender bill of information does not mean that in every case he should do so; obviously, 11 judges (a trial court judge, three appellate judges and seven justices) do not disagree.