JOHNSON, Chief Justice,
would grant the writ application and assigns reasons.
hi would grant the writ application, finding defendant’s 25-year sentence excessive and a violation of the Eighth Amendment. Under our jurisprudence, a sentence is unconstitutionally excessive when it is grossly disproportionate to the severity of the offense or constitutes nothing more than a needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La. 1980). In this case, defendant’s record does not demonstrate that he is or has ever been a drug dealer. Rather, the facts indicate defendant clearly has a substance abuse problem. We would reduce Louisiana’s prison population substantially if drug dependency was treated as an addiction rather than solely in a criminal context. Imposition of a 25-year term of imprisonment on this non-violent offender who is 40 years of age and suffers from a drug addiction which motivated his involvement in the activity for which he has been convicted is clearly “grossly out of proportion to the severity” of the offense, and it amounts to nothing more than the “purposeful imposition of pain and suffering” which renders this sentence on this particular defendant unconstitutional. See State v. Mosby, 14-2704 (La. 11/20/15), 180 So.3d 1274; La. Const, art. 1 § 20; State v. Sepulvado, 367 So.2d 762, 767 (La. 1979).