ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FOURTH CIRCUIT, PARISH OF ORLEANS
CRICHTON, J.,
additionally concurs and assigns reasons:
hi agree with the Court’s decision to deny this writ application, as I believe the record supports, the court of appeal’s conclusion that the defendant—convicted of *247 possession of marijuana (second offense)[1] and flight from an officer—should be adjudicated as a fourth-felony offender. I write separately to point out that this finding does not preclude the trial court from conducting a sentencing hearing to determine whether the defendant is entitled to a downward departure from the statutory minimum sentence. Complying with La. C.Cr.P. art. 894.1(C) and under an appropriate set of facts, I believe a trial court can impose a downward departure for certain non-violent offenses. See, e.g., State v. Guidry, 2016-1412, p. 7 (La. 3/15/17), 221 So.3d 815, 831 (Crichton, J., concurring); State v. Hagans, 2016-0103, p. 1 (La. 10/17/16), 202 So.3d 475 (Crichton, J., concurring); State v. Ladd, 2014-1611, p. 1 (La. 3/27/15), 164 So.3d 184 (Crichton, J., concurring); see also State v. Mosby, 14-2704 (La. 11/20/15), 180 So.3d 1274; State v. Dorthey, 623 So.2d 1276 (La. 1993). However, in this case, successful advocacy on this point may be frustrated by defense counsel.[2] As an example, defense counsel’s writ application to this court lacked legal support and was riddled with typographical errors, amounting to nothing more than an unsupported, near incomprehensible court filing. This defendant is entitled to a better showing by his counsel in this important case.

. It is notable that Mr. Hickman s conviction for possession of marijuana (second offense)—while classified as a felony at the time of the April 30, 2013 offense—has since been downgraded to a misdemeanor by the legislature. See 2015 La. Acts 295 (eff. June 29, 2015). At the time, the offense was punishable by a maximum fine of $2000, imprisonment without or without hard labor for not more than five years, or both—a felony as defined in La. C.Cr.P. art. 933(3). Since the 2015 legislative session, the same crime is now a misdemeanor, punishable by a maximum of $1000, imprisonment in parish jail for not more than six months, or both. See La. C.Cr.P. art. 933(4).

. I also note that this attorney was previously sanctioned by this Court. In re Wainwright, 2012-1392 (La. 6/29/12), 91 So,3d 304, reinstatement granted, 2014-2054 (La. 11/7/14), 152 So.3d 136 (eighteen-month suspension from the practice of law for neglecting clients’ legal matters),