ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF EAST BATON ROUGE
Denied.
CRICHTON, J., additionally concurs and assigns reasons *1063 I agree with the court's decision to decline supervisory jurisdiction. However, I write separately to emphasize that defendant was found guilty of second degree battery based on evidence establishing that he engaged in a violent and unprovoked attack that resulted in serious and substantial injuries to the victim. See State v. Dickerson, 16-1336, pp. 2-3 (La. App. 1 Cir. 4/12/17), 218 So.3d 633, 637 (testimonial evidence established that defendant hit the victim multiple times, resulting in an orbital blowout fracture, a hematoma behind his injured eyeball, a nasal bone fracture, and ten stitches required in his face). The State appropriately filed a habitual offender bill, deeming defendant an adjudicated fourth-felony offender based on predicate felonies that are all crimes of violence (purse snatching, armed robbery, and simple robbery).[1] Although the defendant claims a life sentence is unconstitutionally excessive because the present victim did not die from the injuries he inflicted, I believe the sentence imposed by the trial court is warranted by defendant's repeated recourse to violence, and that the State wisely exercised the discretion to pursue recidivist sentence enhancement to promote public safety.

In contrast, this Court has found error when the State has improperly utilized La. R.S. 529.1 to punish non-violent offenders. See State v. Mosby, 14-2704 (La. 11/20/15), 180 So.3d 1274 (wherein the Court vacated the thirty-year sentence of a non-violent 72 year-old as unconstitutionally excessive); State v. Guidry , 16-1412 (La. 3/15/17), 221 So.3d 815 (...."[T]he abusive frequency with which a de minimis number of jurisdictions invoke habitual offender laws against non-violent actors appears to do little to protect the people of Louisiana, and depletes the already scarce fiscal resources of this state." Crichton, J., additionally concurring); and State v. Ladd , 14-1611 (La. 3/27/15), 164 So.3d 184 (Knoll, J., and Crichton, J., both concurring in the Court's reversal of sentence of non-violent defendant, where trial court supplied no reasons, as non-compliant with La. R.S. 15:529.1 )