# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-250


STATE OF LOUISIANA

VERSUS

ADRIAN A. DORSEY

A/K/A ADRIAN ANTON DORSEY


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2016-500
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.


**CONVICTIONS OF POSSESSION OF MARIJUANA, FOURTH OFFENSE, AND RESISTING AN OFFICER WITH FORCE OR VIOLENCE AFFIRMED. HABITUAL OFFENDER ADJUDICATION AND SENTENCE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE LAW AND THIS OPINION.**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Adrian A. Dorsey**

**Adrian A. Dorsey**
**In Proper Person**
**D. C. I. E. Dorm**
**Post Office Box 788, Highway 68**
**Jackson, Louisiana 70616**
**PRO SE DEFENDANT/APPELLANT:**
    **Adrian A. Dorsey**

**James R. Lestage**
**District Attorney**
**36th Judicial District Court**
**Post Office Box 99**
**DeRidder, Louisiana 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**CONERY, Judge.**

Defendant, Adrian Anton Dorsey, was charged with possession of marijuana, fourth offense, in violation of La.R.S. 40:966, and resisting an officer with force or violence, in violation of La.R.S. 14:108.2. The jury convicted Defendant of the two charged offenses. Defendant was not sentenced on those two convictions. Instead, Defendant was later adjudicated as a fourth felony habitual offender and sentenced on the multiple offender adjudication pursuant to La.R.S. 15:529.1 to thirty-two years at hard labor, without benefit of parole, probation, or suspension of sentence on each count to run concurrently.

Defendant now appeals his convictions and sentences, raising three assignments of error. The State also appeals the sentences imposed. For the following reasons, we affirm the Defendant's convictions. We note as an error patent that Defendant had not been sentenced on the original convictions prior to the imposition of the "Enhanced Sentence" under the Habitual Offender Law. We further find that Defendant had not waived the mandatory twenty-four hour sentencing delay required by La.Code Crim.P. art. 873 before being adjudicated as a habitual offender subject to enhanced sentencing. We vacate Defendant's habitual offender adjudication and sentences and remand the case for further proceedings consistent with this decision and the law.

## FACTS

According to testimony presented at trial, at about 3:30 a.m. on June 6, 2016, Sgt. Joshua Stanford, a patrol sargent, was in uniform and on duty with the Deridder Police Department when he heard a car alarm in the HUD housing area about one block from his location. He then headed toward the sounding car alarm in his properly marked patrol unit. Officer Stanford testified that he immediately saw the lights of a vehicle flashing and, as the car alarm continued to go off, he observed a

person, later identified as Defendant, standing next to the driver's door of the vehicle with a paper bag and miscellaneous items in his hand, including what was identified as a twenty (20) ounce beer can. As the officer approached the car and Defendant, he turned on his headlights and parked his unit facing the vehicle. Defendant walked away from the vehicle, attempting to hurriedly walk past the police unit. Officer Stanford testified that as he exited his police unit, he asked Defendant to stop, identify himself by name, produce an I.D., and state his reasons for being there, but Defendant avoided the officer, would not respond, and tried to walk away.

Officer Stanford again tried to question Defendant to determine his identity, where he was coming from, what he was doing, and who owned the vehicle. Defendant became very agitated and stated to Officer Stanford that he knew he was "barred from the HUD housing property" and needed to get out of the area. He continually backed away from Officer Stanford and questioned the officer's reasons for stopping him, expressing his belief that Officer Stanford was trying to force him back on the HUD property to arrest him. Officer Stanford testified that he attempted to calm Defendant, but sensing the subject was becoming more agitated and was not going to cooperate, he called for assistance from Officer Chauncey Rupf, who was also on duty that night.

Once Officer Rupf arrived, Officer Stanford again attempted to lawfully detain Defendant until he could be identified and questioned further as to why he was standing next to a parked car at 3:30 a.m. with the car alarm blaring and a beer and other objects in his hand at the HUD housing project, where he admittedly had been barred. Defendant continued to refuse to produce identification, insisted that he needed to "leave the property," and continued to resist all attempts to detain him. When the officers attempted to escort Defendant to the front of the police unit and temporarily detain him for further questioning, Defendant shoved both officers.

2

Officer Stanford testified that he then distanced himself from the Defendant, who took a fighting stance. When Defendant took an aggressive step forward toward the officers, Officer Stanford tasered him. Defendant ripped the taser probes off and fled towards the HUD housing property.

Officer Stanford gave chase and attempted to detain Defendant for questioning yet again, giving consistent verbal commands to stop. Defendant then continued resisting and pushed the officers as they tried to detain him. Defendant broke from Officer Stanford's grip and again ran from the officers. Upon encountering Officer Rupf, Defendant continued to disobey verbal commands and flee. Officer Rupf then struck Defendant with her taser. Again, Defendant tore the probes off and ran from the officers. When Defendant reached the middle of the street, he fell. The officers attempted to handcuff him, but he continued to resist, hitting the officers with his elbows. Finally, they were able to successfully handcuff him and arrest him for resisting an officer with force or violence in violation of La. R.S. 14:108.2. Defendant was searched by Officer Rupf incident to his arrest, and three packages of synthetic cannabis were found in one of his pockets. When he was subsequently strip searched at the jail, a plastic bag of marijuana was also recovered from Defendant's person.

Following the Defendant's arrest, Officer Stanford testified that he spoke to the owner of the vehicle, Savannah Pickett, who identified Defendant by name and explained that Defendant had her permission to be inside her vehicle. Further, she explained that Defendant was not supposed to be on the HUD housing property, so he was leaving. Officer Stanford testified he reviewed a list of those barred from the HUD housing property and the list included Defendant's name. Defendant was also charged with remaining where forbidden in relation to his being on HUD housing property, but was not prosecuted on that charge.

3

Defendant was formally charged by bill of information with possession of marijuana, fourth offense, in violation of La.R.S. 40:966, and resisting an officer with force or violence, in violation of La.R.S. 14:108.2. Defendant pled not guilty to the charges and was eventually found guilty on both counts at a jury trial held on June 21, 2017.

Defendant filed several post-trial motions prior to sentencing, including a motion for a new trial, a motion in arrest of judgment and a motion for post-verdict judgment of acquittal. All of Defendants' motions were heard on October 5, 2017, and denied by the trial court, with extensive and well-articulated written reasons filed in the record. Prior to the hearing on the post-trial motions, on August 14, 2017, the State filed a habitual offender bill of information charging Defendant as a fourth-felony offender pursuant to La.R.S. 15:529.1, to which Defendant pled not guilty. The habitual offender adjudication and sentencing were also set for October 5, 2017. After denying Defendant's post-trial motions on October 5, 2017, the trial judge asked whether Defendant wished to waive the mandatory twenty-four hour sentencing delay required by La.Code Crim.P. art. 873 following denial of his post-trial motions. Defendant specifically did not waive the mandatory delay. Instead of re-scheduling sentencing on the original convictions, the trial court heard the State's evidence on its motion to conduct the habitual offender adjudication hearing.

The trial court then adjudicated Defendant as a habitual offender pursuant to La.R.S. 15.529.1, but deferred judgment on whether the charge of resisting an officer with force or violence in violation of La.R.S. 14:108.2 was a crime of violence for sentencing enhancement purposes under La.R.S. 15:529.1, and scheduled sentencing on the habitual offender adjudication for October 26, 2017. The trial judge eventually found that the conviction of resisting an officer with force or violence in violation of La.R.S. 15:529.1 was a crime of violence, and for oral and written

4

reasons assigned, sentenced Defendant as a fourth felony habitual offender pursuant to La.R.S. 15:529.1 to thirty-two years at hard labor on each count, without benefit of parole, probation, or suspension of sentence, to run concurrently. Defendant has not been sentenced on the original convictions.

Defendant now appeals his convictions as well as his habitual offender adjudication and sentences, asserting three assignments of error by the trial court. The State now also appeals, assigning a single error by the trial court.

## ASSIGNMENTS OF ERROR

The Defendant assigns the following assignments of error on appeal:

1. The evidence adduced at trial was insufficient to support convictions for resisting an officer by force or violence or possession of marijuana, fourth offense.

2. The sentence of thirty-two years for resisting an officer by force or violence is illegal.

3. The sentences of thirty-two years for possession of marijuana, fourth offense, and resisting an officer with force or violence, are constitutionally excessive.

The State of Louisiana assigns the following single assignment of error on appeal:

1. The trial court erred in applying the recently amended version of the Habitual Offender Law [La.]**R.S. 15:529.1**, as amended by the 2017 Legislature, particularly **2017 Acts §282**, to a case involving crimes committed on June 6, 2016, for which he was convicted at a jury trial on June 21, 2017, adjudicated a fourth-felony habitual offender on October 5, 2017, and sentenced on October 26, 2017. (emphasis in original).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent in that the trial court failed to sentence the Defendant on the original convictions and then vacate those sentences before adjudicating and sentencing the

5

Defendant as a habitual offender under La.R.S. 15:529.1. In doing so, the trial court violated the provisions of La.Code Crim.P. art. 873 requiring a mandatory twenty-four hour delay between the denial of Defendant's post-trial motions and his sentencing enhancement adjudication under La.R.S. 15:529.1.

More specifically, for sentencing enhancement purposes, the trial court adjudicated Defendant a habitual offender pursuant to La.R.S. 15:529.1 on the same day the trial court denied his post-trial motions.

Louisiana Code of Criminal Procedure Article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

On October 5, 2017, the trial court held a hearing on Defendant's post-trial motions for arrest of judgment, motion for new trial, motion for post-verdict judgment of acquittal, and all post-trial motions. These motions were orally denied in open court on October 5, 2017, with extensive written reasons filed on October 22, 2017.

After the presentation of evidence on the post-trial motions, but prior to the court's adjudication of Defendant as a fourth felony offender pursuant to La.R.S. 15:519.1, the court inquired as to whether Defendant wished to waive the twenty-four hour sentencing delay mandated by La.Code Crim.P. art. 873, thus allowing him to be adjudicated as a habitual offender and sentenced that day. Defendant expressly indicated that he did not wish to waive the sentencing delay.

The trial court then immediately conducted the sentencing enhancement adjudication hearing and, for sentencing enhancement purposes, the trial court adjudicated Defendant as a habitual offender pursuant to La.R.S. 15:529.1 for

6

written reasons assigned. The trial court then set sentencing on the habitual offender adjudication for October 23, 2017, but did not schedule sentencing on the original convictions. The habitual offender sentencing hearing was later refixed for October 26, 2017.

No sentencing hearing was ever set on the original convictions. Instead, on October 26, 2017, the trial court conducted a sentencing hearing on the fourth offense multiple offender adjudication. The trial court issued written reasons and found that the crime of resisting an officer with force or violence, in violation of La.R.S. 14:108.2, was a crime of violence, and sentenced Defendant as a fourth felony habitual offender to thirty-two years at hard labor without benefit of parole, probation, or suspension of sentence for each offense pursuant to La.R.S. 15:529.1, with the enhanced sentences to run concurrently. Defendant timely appealed his convictions and sentences.

The habitual offender law, La.R.S. 15:529.1, as the name implies, is a legislative punishment scheme designed to increase or enhance punishment based on recidivism. As such, it is a special statue designed specifically to **increase** Defendant's punishment for a crime based on specifically enumerated prior felonies, with the number and type of prior felony convictions dictating the severity of the **enhancement**. *See State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317 (emphasis added).

The Louisiana Supreme Court, in *State v. Shaw*, 06-2467, p.17 (La. 11/27/07), 969 So.2d 1233, 1243, quoting *State v. George*, 48 So.2d 265, 267 (La.1950), discussed the purpose for the enactment of the habitual offender law "as a deterrent and a warning to first offenders and as a protection to society by removing the habitual offender from its midst." The *Shaw* court, quoting *State v. Johnson*, 97-1906, p. 8 (La. 3/4/98), 709 So.2d 672, 677, further provided, "[U]nder this statute

7

the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a long sentence because he continues to break the law." *Shaw*, 969 So.2d at 1243-44.

It follows logically that a sentence for a particular crime should not be "enhanced" under the habitual offender law until the defendant has first been sentenced for the original crime. The trial judge then must, in most circumstances, vacate the original sentence before imposing the enhanced sentence under the habitual offender law. *A fortiori*, a sentence cannot be vacated if it has never been imposed. *See State v. Lyles*, 17-405 (La.App. 5 Cir. 2/21/18), 239 So.3d 1055; *State v. Wise*, 13-247 (La.App. 5 Cir. 11/19/13), 128 So.3d 1220, *writ denied*, 14-253 (La. 9/12/14), 147 So.3d 703; *State v. Netter*, 11-202, 11-203 (La.App. 5 Cir. 11/29/11), 79 So.3d, 478, *writ denied*, 12-32 (La. 8/22/12), 97 So.3d 357.

In this case the district attorney filed the habitual offender bill of information and sought an adjudication hearing on that issue before Defendant had been sentenced on the original convictions. In fact, Defendant was never sentenced on the original convictions and did not waive his mandatory sentencing delays under La.Code Crim.P. art. 873. We find that the trial court violated the mandatory sentencing delays of La.Code Crim.P. art. 873 by failing to sentence Defendant on the original convictions, and then vacate Defendant's sentence before adjudicating and sentencing him under the habitual offender law.

Several Louisiana courts have discussed the issue of whether sentencing on the original convictions must be imposed and vacated before adjudication and sentencing on the habitual offender case. In *State v. Hills*, 98-507, pp. 7-8 (La.App. 4 Cir. 1/20/99), 727 So.2d 1215, 1218, a panel of the fourth circuit noted that La.R.S. 15:529.1(D)(3) provided in pertinent part: "The court shall sentence him to the

punishment provided in this section and shall vacate the previous sentence *if already imposed …*" (emphasis added). However, the court found that "Section 529.1 does not mandate that a sentence be imposed before the sentence on the multiple bill. The trial judge did not err by sentencing the defendant only once as a habitual offender." *Id.* Accord, *State v. Dee*, 12-334 (La.App. 5 Cir. 10/30/12), 103 So.3d 1153, *writ denied*, 12-2521 (La. 4/19/13), 111 So.3d 1031; *State v. Turner*, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 455.

However, in this case the habitual offender adjudication and sentencing were scheduled for the same day as the hearing on Defendant's post-trial motions, and, as noted, Defendant did not waive the mandatory twenty-four hour delay required by La.Code Crim.P. art 893 between the denial of those motions and the imposition of sentencing. While it is true in this case that the trial court did not actually sentence Defendant on the habitual offender adjudication on the same day as the denial of the post-trial motions, but sentenced him later on October 26, 2017, the trial court did receive evidence and adjudicated Defendant on October 5, 2017, for **sentencing enhancement purposes**. We find that such a procedure amounts to a violation of the mandatory language of La.Code Crim.P. art. 873. *See State v. Kisack*, 16-797, (La. 10/18/17), 236 So.3d 1201, *cert. denied*, ____ U.S. _____, 138 S.Ct. 1175 (2018); *State v. Steines*, 51,698 (La.App. 2 Cir. 11/15/17), 245 So.3d 224.

The fourth circuit in its opinion in *Kisack* [1], had held that counsel's participation at the habitual offender sentencing hearing acted as an implicit waiver of the twenty-four hour sentencing delay required by La.Code Crim.P. art. 873. The Louisiana Supreme Court disagreed and reversed stating:

> In addition, the Fourth Circuit found that the district court did not observe the sentencing delay required by La.C.Cr.P. art. 873 before

---

[1] *See State v. Kisack*, 15-0083 (La. App. 4 Cir. 3/3/16) 190 So.3d 806, *rev'd in part,* 236 So.3d 1201.

sentencing defendant to the maximum term of life imprisonment as a fourth-felony offender for possession of a contraband cell phone while in a penal institution. *See* La.R.S. 14:420(E)(7); La.R.S. 15:529.1(A)(4)(a). Sentencing occurred almost immediately after the denial of defendant's motion for new trial. Article 873 provides (emphasis added):

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. *If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.* (emphasis in original).

> ….

> Nonetheless, an error in failing to observe the statutory sentencing delay may still be found harmless. Under the circumstances presented here, in which a defendant who faced a sentencing range of 20 years to life and received the maximum sentence authorized for a fourth-felony offender for possession of a contraband cell phone, it is difficult to conclude the error is harmless. [footnote omitted]

> Accordingly, we reverse the court of appeal in part to vacate the habitual offender adjudication that immediately followed the failure to observe the statutory sentencing delay and remand this matter to the district court for further proceedings consistent with the views expressed here.

*Kisack,* 236 So.3d at 1205-06.

Here, the habitual offender adjudication was held on the same day as the denial of Defendant's post-trial motions; however, the sentencing was not held until three weeks later. In *Kisack*, the supreme court did not simply vacate the defendant's habitual offender sentence and maintain his habitual offender adjudication, but it vacated his habitual offender adjudication as well as a result of the Art. 873 violation. Thus, the supreme court in that case found that the mandated delay, La.Code Crim.P. art 873 applied between the **denial of the motions and the habitual offender adjudication hearing itself.**

10

We find that the habitual offender adjudication and sentence must be reversed, and the case remanded. *See Kisack,* 236 So.3d 1201; *Steines*, 245 So.3d 224. On remand, for sake of clarity and to avoid confusion, the trial judge should pronounce the original sentences in open court pursuant to La.Code Crim.P. art 871. The trial court should then articulate reasons for sentencing pursuant to the sentencing guidelines provided in La.Code Crim.P. art. 894.1. After the sentences for the original convictions have been imposed, if at that juncture the district attorney still wishes to have Defendant adjudicated as a habitual offender, a habitual offender adjudication hearing can be scheduled. Defendant would then have the right to file a motion to quash the habitual offender bill of information, urging specific objections. In this case, since the habitual offender bill has already been filed and Defendant has previously entered a not guilty plea on the habitual offender charge, no new arraignment on the existing habitual offender bill of information is necessary unless the state wishes to amend the bill. If the habitual offender adjudication hearing is conducted, and the trial judge finds at the adjudication hearing that Defendant is a habitual offender and adjudicates him as such in accordance with the specific provisions of La.R.S. 15:529.1, then a habitual offender sentencing hearing can be conducted after observing the mandatory sentencing delays of La.Code Crim.P. art. 873, unless delays are waived.

Defendant's third assignment of error, that the sentences imposed were unconstitutionally excessive, and the State's assignment of error, that the trial court erred in applying the 2017 amendment to the habitual offender sentencing rather than applying the provisions of La.R.S. 15:529.1 in effect at the time of the commission of the instant offenses requiring a mandatory life sentence without probation or parole, are pretermitted based on our reversal and remand order.

We express no opinion at this juncture as to whether resisting an officer with force or violence pursuant to La.R.S. 14:108.2 can or should be classified as a "crime of violence" pursuant to La.R.S. 15:529.1 under the facts and circumstances of this case. However, we find nothing in the record to reflect that either of the officers participating in Defendant's arrest were injured. This is not to say that the officers were not placed in a position of extreme danger. Fortunately for the officers (and perhaps for defendant), Defendant was not armed. It will be up to the State to decide on remand whether it still wishes to use Defendant's conviction under La.R.S. 14:108.2 as a sentence enhancing conviction.

We also note that the amount of synthetic marijuana and marijuana seized and tested in this case are relatively minimal. According to the crime lab reports in evidence, the synthetic marijuana weighed a total of approximately 46.13 grams, and the marijuana seized weighed 0.93 grams.

As Justice Crichton, joined by Justice Genovese, noted in his concurring opinion in *State v. Guidry*, 16-1412 (La. 3/15/17), 221 So.3d 815, 831:

> Thus, if a defendant believes that the state has abused its professional discretion in filing a habitual offender bill such that it seeks to impose an unconstitutionally excessive sentence, the defendant should move the court at the sentencing hearing to depart downward from the mandatory minimum as permitted by *State v. Dorthey*, 623 So.2d 1276 (La. 1993), and, if justice requires, the court ought to grant it. *See, e.g.*, *State v. Mosby*, 14-2704 (La. 11/20/15), 180 So.3d 1274 (Citing *Dorthey*, this Court determined that the imposition of a 30-year term of imprisonment on a non-violent offender who was 72 years old and infirm was "grossly out of proportion to the severity of the offense" and amounted to nothing more than the "purposeful imposition of pain and suffering.")

*See also* Justice Crichton's concurring opinion in *State v. Hagans*, 16-103 (La. 10/17/16), 202 So.3d 475.

Hence, resolution of these issues is reserved for the trial court's decision on remand.

**DEFENDANT'S ASSIGNMENT OF ERROR ONE**

Having recognized an error patent and legal error, and having vacated Defendant's habitual offender adjudication and sentences, we will now address Defendant's assignment of error number one, that the evidence presented at trial was insufficient to support his original convictions for possession of marijuana fourth offense and resisting an officer by force or violence.

Defendant contends his resistance was legal and his conviction for resisting an officer by force or violence should be vacated. Therefore, the synthetic marijuana and marijuana found on his person should also be suppressed.

The standard when reviewing a sufficiency of evidence claim is well settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. [*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979).] In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371 (citations omitted); *See State v. Trahan*, 17-1060, p. 5 (La.App. 3 Cir. 5/2/18), 246 So.3d 585, 588.

Defendant challenges his conviction of resisting a police officer with force or violence in violation of La.R.S. 14:108.2 based on his contention that there was no reasonable suspicion to believe that he was committing or about to commit a crime, and therefore his resistance was legal. Defendant claims that the evidence presented at trial was insufficient to support his convictions, and therefore, the trial court erred

in denying his motion for post-verdict judgment of acquittal and/or motion for new trial.

Louisiana Revised Statutes 14:108.2 provides, in pertinent part:[2]

A. Resisting a police officer with force or violence is any of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty:

(1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention.

(2) Using threatening force or violence toward or any resistance or opposition using force or violence to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

(3) Injuring or attempting to injure a police officer engaged in the performance of his duties as a police officer.

(4) Using or threatening force or violence toward a police officer performing any official duty.

The Louisiana Supreme Court has recognized resistance of an **illegal arrest** as a "time-honored" right. *State v. Ceaser*, 02-3021, p. 4 (La. 10/21/03), 859 So.2d 639, 643 (emphasis added). "However, that right is only available where the arrest is illegal and is tempered by the requirement that in preventing such illegal restraint of his liberty, he may use only 'such force as may be necessary.'" *Id.* (citations omitted).

Defendant contends that he was simply resisting an illegal arrest because no reasonable suspicion existed for Officer Stanford to stop him. To the contrary, La.Code Crim.P. art. 215.1 provides, in pertinent part, "A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has

---

[2] "Threatening force or violence" is not otherwise defined in the statute.

committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." The Louisiana Supreme Court discussed the difference between reasonable suspicion to stop and probable cause to arrest in *State v. Lampton*, 12-1547, pp. 4-5 (La. 4/5/13), 110 So.3d 557, 560-61, *cert. denied*, 571 U.S. 975, 134 S.Ct. 471 (2013) (citations omitted):

> While an arrest requires probable cause, an investigatory stop requires only the lesser standard of reasonable suspicion enunciated in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968). In making a brief investigatory stop the police still "'must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" The police must therefore "articulate something more than an 'inchoate and unparticularized suspicion or "hunch."'" This level of suspicion, however, need not rise to the probable cause required for a lawful arrest. The police need have only "'some minimal level of objective justification. . . .'" Police officers may nevertheless approach an individual, engage him in conversation about his presence in the area, and ask for his identification, without implicating either the Fourth Amendment or La. Const. art. I, § 5.
>
> Moreover, as a general matter, "the determination of reasonable grounds for an investigatory stop, or probable cause for an arrest, does not rest on the officer's subjective beliefs or attitudes but turns on a completely objective evaluation of all of [the] circumstances known to the officer at the time of his challenged action."

In the trial court's written reasons for denying Defendant's post-trial motions, the trial court found that a reasonable jury could find that Officer Stanford had reasonable suspicion to detain Defendant. We agree. The trial court noted that although flight alone cannot supply an officer with reasonable suspicion to conduct an investigatory stop, the amount of additional information needed to provide officers with reasonable suspicion that a person is engaged in criminal activity is greatly lessened. *See State v. Morgan,* 09-2352 (La. 3/15/11), 59 So.3d 403.

We agree with the trial court's excellent and comprehensive analysis provided in its written reasons. In our independent review of the record, we find that it was reasonable to suspect Defendant was committing a vehicle burglary, considering it was 3:30 a.m., the vehicle alarm was sounding, its lights flashing, and Defendant

was standing next to the vehicle's door with various items in his hands, including a 20 ounce can of beer in violation of the open container law. He was on the curb of the HUD housing project, where he admittedly was not authorized to be. Defendant continued to refuse to identify himself or answer any of the officer's lawful questions posed pursuant to La.Code Crim.P. art. 215.1. Once Defendant began to physically resist his lawful detention for questioning, and then confronted the officers, pushing them and running from the officer's, probable cause to arrest him for resisting an officer with force existed. He then fought with and continued to resist the officers by fighting with and elbowing them. We reject Defendant's claim that he resisted an unlawful detention and arrest and find the record fully supports the jury's verdict. The officer's acted correctly and reasonably based on all the circumstances as articulated by the trial court in its written reasons.

As to Defendant's claim that the marijuana found subsequent to his arrest should have been suppressed, our review of the record indicates that Defendant and his counsel withdrew his motion to suppress before trial. The trial court correctly noted that this issue was improperly raised for the first time in a post-trial motion. In *State v. Montejo,* 06-1807, p. 22 (La. 5/11/10), 40 So.3d 952, 967, *cert. denied,* 582 U.S. 1082, 131 S.Ct. 656 (2010) (citations omitted), the supreme court held, "Louisiana courts have long held a defendant may not raise new grounds for suppressing evidence on appeal that he did not raise at the trial court in a motion to suppress." *See* Uniform Rules—Courts of Appeal, Rule 1-3 ("The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise."). Accordingly, we find this issue was not appropriately raised before the trial court; therefore, it will not be considered for the first time on

16

appeal. Defendant's convictions of possession of marijuana, fourth offense and resisting an officer by force or violence are affirmed.

Defendant's third assignment of error, that the sentence imposed was unconstitutionally excessive, and the State's assignment of error, that the trial court erred in applying the 2017 amendment to the habitual offender sentencing are pretermitted based on our recognition of the error patent, legal error and remand order.

## CONCLUSION

Defendant's convictions of possession of marijuana, fourth offense, in violation of La.R.S. 40:966, and resisting an officer by force or violence, in violation of La.R.S. 14:108.2, are affirmed. Defendant's habitual offender adjudication and sentences are vacated, and we remand this case to the trial court for further proceedings consistent with this opinion and the law.

**CONVICTIONS OF POSSESSION OF MARIJUANA, FOURTH OFFENSE, AND RESISTING AN OFFICER WITH FORCE OR VIOLENCE AFFIRMED. HABITUAL OFFENDER ADJUDICATION AND SENTENCE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE LAW AND THIS OPINION.**