PER CURIAM:
*175 Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8 ; State ex rel. Glover v. State , 93-2330 (La. 9/5/95), 660 So.2d 1189.
Relator has now fully litigated several applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
ON SUPERVISORY WRITS TO THE FIFTEENTH JUDICIAL DISTRICT COURT, PARISH OF ACADIA
CRICHTON, J., additionally concurs and assigns reasons:
While I agree with this Court's writ denial and related finality order, I write separately to express my opinion that the Habitual Offender Law was correctly applied in the present case. I have previously expressed concern that "use of the Habitual Offender Law by prosecutors should be cautiously exercised with reasonable discretion." State v. Ellison , 2018-0053, p. 6 (La. 10/29/18), 255 So.3d 568, 572, 2018 WL 5629078, at *6 (Crichton, J., additionally concurring) (citing State v. Guidry , 2016-1412 (La. 3/15/17), 221 So.3d 815, 831 (Crichton, J., additionally concurring); State v. Hickman , 2017-0142 (La. 9/29/17), 227 So.3d 246, 247, reconsideration not considered , 2017-0142 (La. 11/28/17), 230 So.3d 224 (Crichton, J., additionally concurring); State v. Hagans , 2016-0103 (La. 10/17/16), 202 So.3d 475 (Crichton, J., additionally concurring); State v. Ladd , 2014-1611 (La. 3/27/15), 164 So.3d 184 (Knoll, J., additionally concurring and Crichton, J., additionally concurring for the reasons assigned by Justice Knoll) ).
However, it is my view that the use of the Habitual Offender Law is appropriate for public policy and safety reasons to enhance sentences of convicted felons who repeatedly commit non-violent felony crimes when such recidivism arises to egregious levels. Here, although none of the defendant's previous nine felony convictions are "crimes of violence" as defined by La. R.S. 14:2, the defendant is a proven recidivist to whom the application of a 20-year habitual offender sentence-which is notably the minimum possible sentence under La. R.S. 15:529.1(A)(4) for an adjudicated fourth felony offender-is not unconstitutionally excessive.