STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-250

STATE OF LOUISIANA

VERSUS

ADRIAN A. DORSEY

A/K/A ADRIAN ANTON DORSEY

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2016-500
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

ON REMAND FROM THE SUPREME COURT OF LOUISIANA

**********

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.

Cooks, J. Concurs and assigns written reasons.

**SENTENCES VACATED. REMANDED FOR RESENTENCING.**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT/APPELLEE:**
    **Adrian A. Dorsey**

**Adrian A. Dorsey**
**In Proper Person**
**D.C.I. Dorm 2**
**Post Office Box 788, Highway 68**
**Jackson, Louisiana 70748**
**PRO SE DEFENDANT/APPELLANT/APPELLEE:**
    **Adrian A. Dorsey**

**James R. Lestage**
**District Attorney**
**36th Judicial District**
**Post Office Box 99**
**DeRidder, Louisiana 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLANT/APPELLEE:**
    **State of Louisiana**

**CONERY, Judge.**

Defendant, Adrian Anton Dorsey, was charged with possession of marijuana, fourth offense, in violation of La.R.S. 40:966, and resisting an officer with force or violence, in violation of La.R.S. 14:108.2. A jury convicted Defendant as charged. The trial court thereafter adjudicated Defendant as a fourth felony habitual offender and sentenced him to thirty-two years at hard labor on each count to run concurrently. This court maintained Defendant's convictions following initial review. *See State v. Dorsey*, 18-250 (La.App. 3 Cir. 11/7/18), 260 So.3d 616. However, the habitual offender adjudication and resulting sentences were vacated on error patent review following a determination that the delay of La.Code Crim.P. art. 873 was not followed. *Id.*

The Louisiana Supreme Court subsequently granted the State's writ of certiorari and ruled:

> The court of appeal erred in finding as an error patent that the district court did not adhere to the 24-hour statutory sentencing delay required by La.C.Cr.P. art. 873. *See State v. Dorsey*, 18-0250 (La. App. 3 Cir. 11/7/18), 260 So.3d 616. Whether the article requires a 24-hour sentencing delay between the denial of post-verdict motions and the commencement of a habitual offender adjudication, whether the article was violated under the circumstances here where the imposition of sentence did not occur until three weeks after the habitual offender adjudication, and whether defendant was prejudiced as a result are complex questions that cannot and should not be resolved in errors patent review. Accordingly, we reverse the court of appeal, reinstate the sentence, and remand to the court of appeal for consideration of the pretermitted claims.

*State v. Dorsey*, 19-0349, p. 1 (La. 6/26/19), _ So.3d _, _[1] (per curiam). We turn to consideration of the remaining claims.

---

[1] *See* 2019 WL 2751177.

## ASSIGNMENTS OF ERROR

By his appeal, Defendant assigned three errors and questioned whether: 1) the State presented sufficient evidence to support the convictions for resisting an officer by force or violence or for possession of marijuana; 2) the thirty-two year sentence for resisting an officer by force or violence is illegal as the trial court erred in considering that offense a crime of violence for purposes of sentencing; and whether 3) the thirty-two year sentences for possession of marijuana, fourth offense, and resisting an officer with force or violence, are constitutionally excessive. Defendant's sufficiency of the evidence claim was considered and found to lack merit in this court's initial consideration of Defendant's appeal.

The State also appealed the sentences imposed, asserting that:

[T]he trial court erred in applying the recently amended version of the Habitual Offender Law [La.]**R.S. 15:529.1**, as amended by the 2017 Legislature, particularly **2017 Acts § 282**, to a case involving crimes committed on June 6, 2016, for which he was convicted at a jury trial on June 21, 2017, adjudicated a fourth-felony habitual offender on October 5, 2017, and sentenced on October 26, 2017.

## DISCUSSION

*Louisiana Revised Statutes 15:529.1*

The factual and procedural aspects of Defendant's convictions are discussed at length in this court's earlier review. *Dorsey*, 260 So.3d 616. We do not restate those facts here. As pertinent to the sentencing assignments, however, we note that the underlying offenses occurred in June 2016 and that the trial court imposed the sentences in October 2017. Given those dates, the State contends that the trial court erred in applying the 2017 amendment to La.R.S. 15:529.1 rather than applying the provision as it existed at the time of the commission of the offense.

2

At the time of the commission of the subject offense, La.R.S. 15:529.1(A)(4)(a) required that a fourth or subsequent felony offender be sentenced "for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and no more than his natural life[.]" However, La.R.S. 15:529.1(A)(4)(b) provided at that time that:

> If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B) … or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

In June 2017, the legislature approved 2017 La. Acts No. 257 and 2017 La. Acts No. 282. These acts changed La.R.S. 15:529.1 as it relates to fourth or subsequent offenders to provide as follows:

> [A](4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:
>
> (a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.
>
> (b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.
>
> (c) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), or a sex offense as defined in R.S. 15:541 when the victim is under the age of eighteen at the time of commission of the offense, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

3

Section 2 of both Acts indicated that: "This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017."

Noting Section 2, the trial court imposed sentence pursuant to the amended measure since Defendant's convictions were not yet final as appellate deadlines had not run. While the effective date had not been reached at the time of the October 2017 imposition of sentence, the trial court's interpretation of Section 2 at that time was consistent with the supreme court's subsequent pronouncement in *State v. Williams*, 17-1753 (La. 6/15/18), 245 So.3d 1042 (per curiam). In *Williams*, the supreme court vacated a defendant's habitual offender sentence in a matter in which a defendant's appeal was pending when the legislature amended the habitual offender law by 2017 La. Acts 282. The supreme court specifically referenced Section 2's statement that it "shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." *Id.* It further observed that "the State concedes defendant is entitled to be resentenced in accordance with it because his conviction will become final after November 1, 2017." *Id.* Thus, the supreme court vacated the defendant's habitual offender sentence and remanded the case for resentencing in accordance with 2017 La. Acts 282. *See also State v. Purvis*, 17-1013 (La.App. 3 Cir. 4/18/18), 244 So.3d 496.

By 2018 La. Acts No. 542, § 1, however, the legislature added La.R.S. 15:529.1(K) and instructed that "the court shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed." This court recently recognized that, with this inclusion of Paragraph K, "the habitual offender statute now specifically codifies the long-standing jurisprudential rule that the penalty in effect at the time of the commission of the offense applies." *State v.*

4

*Farry*, 18-721, p. 11 (La.App. 3 Cir. 3/7/19), 270 So.3d 673, 680-81 (citing *State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317).

Jurisprudence has further recognized that by the 2018 amendment, the legislature has clarified ambiguity in its 2017 amendment to require application of the provisions in effect on the date the instant offense being enhanced was committed. *See, e.g., State v. Patterson*, 18-1731 (La.App. 1 Cir. 7/3/19), _ So.3d _[2]; *State v. Belvin*, 18-421 (La.App. 4 Cir. 4/3/19), _ So.3d _[3]; *Farry*, 270 So.3d 673; *State v. Bias*, 18-665 (La.App. 3 Cir. 2/6/19), 265 So.3d 35; *State v. Edden*, 52,288 (La.App. 2 Cir. 11/14/18), 259 So.3d 1196, *writs denied*, 18-1961, 18-2063 (La. 4/15/19), 267 So.3d 1124, 1127; *State v. Cagler*, 18-0427 (La.App. 1 Cir. 11/7/18) (unpublished opinion).[4] This developing jurisprudence has recognized that the legislature's enactment of Subsection K abrogated the holding in *Williams*. *See Patterson*, _ So.3d at _.

Accordingly, in keeping with the express wording of La.R.S. 15:529.1(K) and the interpreting jurisprudence, we find merit in the State's assertion that the trial court erred in its sentencing of Defendant. We accordingly vacate Defendant's sentences and remand for resentencing in accordance with the version of La.R.S. 15:529.1 in effect on the date that the defendant's instant offense was committed. In so doing, we note that this opinion is not to be construed to limit the trial court's ability to depart from the mandatory sentence provided by the statute as the law and the evidence of the particular circumstances of the matter may require. *See State v.*

---

[2] *See* 2019 WL 2880335.

[3] *See* 2019 WL 1473514.

[4] *See* 2018 WL 5876878.

*Mosby*, 14-2704 (La. 11/20/15), 180 So.3d 1274 (quoting *State v. Dorthey*, 623 So.2d 1276 (La.1993).

*Defendant's Remaining Assignments*

By his remaining two assignments, Defendant questions the sentences imposed by the trial court, whether by its determination that resisting an officer by force or violence is a crime of violence for purposes of sentencing or due to the length of sentences imposed. Both assignments are rendered moot, however, by the above determination that Defendant's sentences must be vacated.

## CONCLUSION

Defendant's sentences as imposed under the habitual offender adjudication are vacated. This matter is remanded to the trial court for resentencing and for further proceedings consistent with this opinion and the law.

**SENTENCES VACATED. REMANDED FOR RESENTENCING.**

STATE OF LOUISIANA

VERSUS

ADRIAN A. DORSEY
A/K/A ADRIAN ANTON DORSEY

**Cooks, J., Concurs**:

If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime[,"] **he has the option, _indeed the duty_, to reduce such sentence to one that would not be constitutionally excessive.**

*State v. Mosby*, 14-2704 (La. 11/20/15), 180 So. 3d 1274, citing *State v. Dorthey*, 623 So.2d 1276 (La. 1993).

In my view, life imprisonment for possession of marijuana is constitutionally excessive and constitutes cruel and unusual punishment. Many states have decriminalized marijuana even for recreational use. Additionally, the U.S. Department of Justice and the State of Louisiana have embarked on initiatives to significantly reduce prison time for drug related offenses. To blindly apply this outdated version of the La.R.S. 15:529 to imprison an addict for life would be a grave miscarriage of justice and would indeed make "no measurable contribution to acceptable goals of punishment." *Supra*. In my view, the imposition of a thirty-two-year sentence on a drug addict for possession of marijuana, fourth offense, is also excessive and constitutionally unsound. Despite the mandatory language of the habitual offender statutes our courts must always be aware that the function of the courts in imposing sentence is always to assure that the length of the sentence is

appropriate to the severity of the crime. Legislation does not usurp this judicial function.