STATE OF LOUISIANA       *       NO. 2023-KA-0605

VERSUS       *

      COURT OF APPEAL

KEITH C. KISACK       *

      FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 510-800, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins, Judge Rachael D. Johnson)

Jeff Landry, Attorney General
J. Taylor Gray, Assistant Attorney General
Grant L. Willis, Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
P.O. Box 94005
Baton Rouge, LA 70804-9005

      COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

      COUNSEL FOR DEFENDANT/APPELLANT

**VACATED, IN PART; AFFIRMED, IN PART; REMANDED**

**FEBRUARY 16, 2024**

In a prior appeal in this matter, defendant, Keith Kisack, sought review of the district court's denial of his motion to reconsider sentence. Upon review, this Court found the district court failed to adequately comply with the requirements of La. C.Cr.P. art. 894.1 in its consideration and denial of defendant's motion to reconsider sentence. *State v. Kisack*, 22-0495 (La. App. 4 Cir. 11/16/22), 352 So.3d 127 ("*Kisack I*"). Accordingly, this Court vacated and remanded to the district court for a ruling on the merits of defendant's motion to reconsider sentence, reserving defendant's right to appeal his sentence once the district court ruled. *Id*. at 5, 352 So.3d at 130.

Subsequent to this Court's remand, the district court held two hearings in this case and issued two divergent rulings on January 19, 2023 and February 2, 2023, respectively. In its January 19, 2023 ruling, the district court resentenced defendant to a five-year sentence on his underlying conviction of possession of contraband and to a ten-year sentence as a habitual offender. Then, at a February

1

2, 2023 hearing on a motion to reconsider filed by the State, the district court set aside its January 19, 2023 ruling and sentenced defendant to life imprisonment.

Defendant now appeals the district court's February 2, 2023 ruling sentencing defendant to life imprisonment. Upon review, we find the district court's February 2, 2023 ruling failed to comply with the remand order from this Court. For the reasons that follow, we affirm, in part, the February 2, 2023 ruling only insofar as the district court set aside its January 19, 2023 ruling and sentence. In all other respects, we vacate the district court's February 2, 2023 ruling and resentencing of defendant to a life sentence. Finally, we remand this matter to the district court with orders to hold a hearing, with defense counsel and defendant present, at which the district court shall comply with the statutory requirements of La. C.Cr.P. art. 894.1 by assessing the aggravating and mitigating factors prior to ruling on defendant's motion to reconsider sentence.

## PROCEDURAL BACKGROUND[1]

In the prior opinion, this Court set forth the relevant background of this case, as follows:

> Defendant [Keith Kisack] was charged with and found guilty of possession of contraband (namely, a cell phone) in prison. Thereafter, the State filed a multiple-offender bill based on Defendant's contraband charge and his prior felony convictions for possession of a firearm by a felon (2001), aggravated battery (1995), and illegal discharge of a firearm (1993). The penalty for a fourth-felony offender under the multiple-offender statute is twenty (20) years to life. The court imposed the maximum sentence of life in prison without the possibility of parole. Defendant appealed and this Court ultimately amended the sentence to include the possibility of parole

---

[1] The facts underlying defendant's conviction and habitual offender adjudication are not relevant to this appeal.

2

but affirmed the lifetime term imposed by the trial court. *See State v. Kisack*, 2015-0083 (La. App. 4 Cir. 3/30/16), 190 So.3d 806. On writ of certiorari, the Louisiana Supreme Court found that the trial court failed to observe the mandatory delay before sentencing Defendant to the maximum term of life imprisonment, reversed this Court's ruling in part to vacate the habitual offender adjudication, and remanded the matter to the trial court to conduct further proceedings consistent with its findings. *See State v. Kisack*, 2016-0797 (La. 10/18/17), 236 So.3d 1201 (*per curiam*), *cert denied*, 583 U.S. 1160, 138 S.Ct. 1175, 200 L.Ed.2d 322 (2018). A second multiple offender adjudication was conducted and Defendant was again found to be a fourth-felony offender. After the sentencing delay was explicitly waived, the trial court judge imposed a sentence of life without the benefit of probation or suspension of sentence. Defendant then filed a Motion to Reconsider Sentence and the trial court conducted a hearing on July 22, 2021. At that time, Defendant had pending charges of second degree murder, attempted second degree murder, and possession of a firearm by a convicted felon. The trial judge denied Defendant's Motion to Reconsider Sentence without hearing argument on the merits, reasoning that the motion would essentially become moot if Defendant was subsequently convicted on the pending charges.

*Kisack I*, 22-0495, pp. 1-2, 352 So. 3d at 128–129.

On appellate review of the district court's denial of defendant's motion to reconsider sentence, this Court found "the trial court failed to consider any of the statutory factors when denying Defendant's Motion to Reconsider Sentence." *Id.* at 5, 352 So.3d at 130. This Court concluded as follows:

It is clear that the trial court's denial of Defendant's Motion to Reconsider Sentence did not adequately comply with the requirements of [La. C.Cr.P.] Article 894.1. While not bound to examine all of the factors contained listed [*sic*] in Article 894.1, the court is required to consider both aggravating and mitigating factors. However, the transcript does not contain or reflect any mention of Article 894.1 factors. It is clear that the trial court's ruling did not properly assess the militating/mitigating factors as is statutorily required.

*Kisack I*, 22-0495, p. 5, 352 So.3d at 130. Consequently, this Court vacated the district court's denial of defendant's motion to reconsider sentence and remanded for a ruling on the merits of defendant's motion with consideration of the statutory

3

requirements of La. C.Cr.P. art. 894.1, specifically assessing the aggravating and mitigating factors.

After remand to the district court, a hearing on defendant's motion to reconsider sentence was scheduled for January 19, 2023. On that date, counsel for defendant and the State agreed to reset the matter to March 7, 2023. The State then informed the district court of the joint motion to reset and that defense counsel was presently in a murder trial. The district court, however, rejected the joint motion to reset the hearing and, despite the absence of defendant and defense counsel, stated it was taking up and ruling upon the motion to reconsider sentence. Then, without considering the merits of defendant's motion to reconsider sentence or even mentioning the statutory requirements of La. C.Cr.P. art. 894.1, the district court issued the following ruling:

> [O]n the underlying conviction, possession of contraband, the Court hereby sentences defendant, Keith Kisack, to a term of five years Department of Corrections. We'll give him credit for time served. And on the multiple bill, which has already been previously handled, as a multiple offender be it a second, third, or even a fourth, you all can object, the Court hereby orders the defendant's sentence to ten years Department of Corrections, credit for time served. You all can object. That's my ruling.

Following the ruling, the State noticed its intent to seek a writ and sought a stay of the ruling, which the district court granted. But, rather than filing an application for supervisory writ in this Court, to seek review of the trial court's January 19, 2023 ruling, the State filed a Motion to Reconsider Ruling in the district court. The State argued that the district court's January 19, 2023 ruling did not comply with the remand instructions from this Court's opinion in *Kisack I*, that the district court did not consider the aggravating factors in defendant's criminal

4

and arrest history, and that the district court's January 19, 2023 sentence was not a proper downward departure under *State v. Dorthey*, 623 So.2d 1276 (La. 1993).

On February 2, 2023, the district court held a hearing to consider the State's motion to reconsider its January 19, 2023 ruling. Defense counsel was present and waived the presence of defendant. The district court then provided an abridged history of the case and issued a ruling as follows:

> Defendant was sentenced to life in Section B in October of 2014. It was reconsidered, and it was denied. Ultimately, the matter went to Section L. A motion to quash [the] habitual offender [adjudication] was filed. That, again, was denied, and the defendant was sentenced to life imprisonment out of Section L, as well, without benefit of probation, parol[e], or suspension. That's Section L. Defense filed a motion to reconsider the sentence. Ultimately, it was transferred to [this court,] Section C. The Record clearly shows that on October 22, 2021, the defendant along with [his counsel]—well, Mr. Kennedy[,] appeared and was requesting … a motion to reconsider the ruling concerning the life sentence. That matter was again denied by this Court. And I informed the defendant at that time, the Record shows, that he had a pending matter involving, I believe, a second-degree murder. And once that matter was cleared up, the Record says that I'll consider his matter once his open charges are closed. That didn't happen. So it was improper when the matter was reconsidered January 19, 2023. In other words, the life sentence will stand. That's the bottom line. We'll note defense's objection.
>
> . . . .
> So my ruling in January should have been one to follow the previous ruling, which was my mistake. So that's on our side, and that's my fault. But the bottom line is, the life sentence stands….
>
> BY [DEFENSE COUNSEL]:
>
> Well, Your Honor, my understanding . . . . is that we still need to go through an actual hearing with Mr. Kisack present and present the various elements and then your Honor will rule as you choose.
>
> BY THE COURT:
>
> I'm denying all of that. The sentence stands . . . . Because it's not an original sentence. It's a reconsideration . . . . And reconsideration does not have to include all that you the defense wish to put on, or even the State.

Following the February 2, 2023 ruling, defendant filed this timely appeal.

**DISCUSSION**

In this appeal, defendant raises two alternate assignments of error. First, defendant argues the district court lacked jurisdiction to reconsider and vacate its January 19, 2023 ruling. Second, defendant argues that, if this Court finds that the district court had jurisdiction to reconsider its January 19, 2023 ruling, then the district court erred by failing to comply with this Court's remand order in *Kisack I* and the February 2, 2023 ruling should be vacated.

*Jurisdiction to Reconsider Ruling*

Defendant first argues that the district court lacked jurisdiction at the February 2, 2023 hearing to reconsider its January 19, 2023 ruling and the sentence imposed, because the district court cannot amend a sentence after it is executed. Defendant also argues the district court did not have authority to correct an illegal sentence, because the sentence issued on January 19, 2023 was legal. We find no merit to defendant's arguments.

At the February 2, 2023 hearing, the district court still retained jurisdiction to reconsider the sentence imposed on January 19, 2023. Under La. C.Cr.P. art. 881.1(A)(1), in felony cases, the State or the defendant may file a motion to reconsider sentence within thirty days following the imposition of sentence.[2] The State filed its motion to reconsider on January 27, 2023, only eight days after the January 19, 2023 ruling. *See State v. Gerald*, 13-1478, pp. 3-4 (La. App. 1 Cir. 5/2/14), 145 So.3d 436, 438 (holding that the grant of relief under La. C.Cr.P. art.

---

[2] Defendant argues that, under La. C.Cr.P. art. 881(A), the district court may only amend a sentence prior to the beginning of the execution of the sentence. However, La. C.Cr.P. art. 881.1(C) specifically provides that "[i]f a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of the execution of the sentence." Here, the State filed a motion to reconsider ruling/sentence under La. C.Cr.P. art. 881.1(A).

6

881.1 by resentencing defendant results in the imposition of a new sentence and allows for a renewed motion for reconsideration to be made or filed).

Furthermore, contrary to defendant's assertion that the January 19, 2023 ruling and sentence was legal, we find the district court erred in granting defendant's motion to reconsider, and resentencing defendant to a significantly lesser sentence, without a contradictory hearing as required by La. C.Cr.P. art. 881.1(D) ("The trial court may deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider without a contradictory hearing."). At the January 19, 2023 hearing, the district court exceeded its authority by granting relief on a motion to reconsider without the presence of defense counsel or defendant and without a contradictory hearing.

For the foregoing reasons, we find the district court retained jurisdiction to consider the State's motion to reconsider its January 19, 2023 ruling and sentence. This assignment of error is without merit.

*Failure to comply with this Court's remand order*

Defendant next argues that even if the district court had jurisdiction to reconsider its January 19, 2023 ruling, then the district court erred by failing to follow this Court's remand order from our opinion in *Kisack I*. We agree.

In *Kisack I*, this Court vacated the district court's July 22, 2021 judgment denying defendant's motion to reconsider sentence upon finding that the district court failed to adequately comply with La. C.Cr.P. art. 894.1, which requires consideration of aggravating and mitigating factors. This Court specifically noted that the district court did not permit any argument on the merits of the defendant's motion to reconsider sentence and that the district court reasoned, improperly, that defendant's pending charges could result in the imposition of a mandatory life-

7

sentence if defendant was convicted and that such a result would moot the need to reconsider defendant's current sentence. *Kisack I*, p. 5, 352 So.3d at 130 ("The list of factors that the trial court must consider does not include pending criminal charges against the defendant."). This Court found that the transcript of the July 22, 2021 hearing did not contain or reflect any mention of the La. C.Cr.P. art. 894.1 factors, and, thus, the district court erred in failing to properly assess aggravating and mitigating factors as required. *Id*. Accordingly, this Court's decree contained the order to rule on the merits of defendant's motion to reconsider sentence.

However, on remand, the district court held two hearings and failed both times to comply with the remand order of this Court in *Kisack I*. The transcripts reflect that the district court failed to allow any arguments on the merits of the motion to reconsider sentence and failed to list any aggravating and mitigating factors that the court assessed in its ruling. Thus, we find that neither the January 19, 2023 ruling and sentence nor the February 2, 2023 sentence complies with La. C.Cr.P. art. 894.1 or this Court's remand order in *Kisack I*. We find neither sentence imposed, on January 19, 2023 or on February 2, 2023, to be valid.

## CONCLUSION

In consideration that we find the district court's January 19, 2023 ruling and sentence invalid, we affirm that part of the district court's February 2, 2023 ruling that set aside the January 19, 2023 ruling and sentence. In all other respects, we vacate the February 2, 2023 ruling and sentence.

We hereby remand this matter to the district court and order the district court to hold a hearing, with defense counsel and defendant present, at which the district court shall allow arguments on the merits of defendant's motion to reconsider

sentence and, thereafter, comply with the statutory requirements of La. C.Cr.P. art. 894.1 by assessing the aggravating and mitigating factors in ruling upon defendant's motion to reconsider sentence.

**VACATED, IN PART; AFFIRMED, IN PART; REMANDED**